UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SERVICE LAMP CORPORATION PROFIT SHARING PLAN, individually, and on behalf of all other persons and entities similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CARNIVAL CORPORATION, ARNOLD W. DONALD, AND DAVID BERNSTEIN,<br><br>        Defendants. | Case No. 1:20-cv-22202-KMM |
| JOHN P. ELMENSDORP, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON,<br><br>        Defendants. | Case No. 1:20-cv-22319-MGC |

**JOINT MOTION FOR ENTRY OF A STIPULATION WAIVING SERVICE OF PROCESS AND EXTENDING TIME TO RESPOND TO COMPLAINTS**

        **WHEREAS**, on May 27, 2020, plaintiff Service Lamp Corporation Profit Sharing Plan ("Service Lamp") filed a putative securities class action complaint (the "Service Lamp Complaint") against defendants Carnival Corporation, Arnold W. Donald, and David Bernstein; and

        **WHEREAS**, on June 3, 2020, plaintiff John P. Elmensdorp ("Elmensdorp," and together with Service Lamp, "Plaintiffs") filed a putative securities class action complaint (the

"Elmensdorp Complaint," and together with the Service Lamp Complaint, the "Initial Complaints") against defendants Carnival Corporation, Carnival plc, Arnold W. Donald, David Bernstein, and Micky Arison (collectively, "Defendants"); and

**WHEREAS**, the Initial Complaints each relate to the same alleged conduct, involve common questions of law and fact, and assert the same causes of action arising under the Securities Exchange Act of 1934, which is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; and

**WHEREAS**, the PSLRA provides a procedure for the appointment by the Court of a lead plaintiff and lead counsel to represent the putative class pursuant to motion practice, for which opening briefs are to be filed on or before the statutory deadline of July 27, 2020. *See* 15 U.S.C. § 78u-4(a)(3);

**WHEREAS**, the PSLRA allows "any member of the purported class," whether or not they previously filed a complaint, to move the Court to serve as lead plaintiff by the statutory deadline. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); and

**WHEREAS**, lead plaintiff and lead counsel will not be appointed until after the completion of briefing on any lead plaintiff motions, and accordingly it is unclear at this time who will ultimately have the authority to act on behalf of the putative class, and whether the court-appointed lead plaintiff will file an amended complaint, a consolidated complaint, or stand on one of the Initial Complaints filed herein; and

**WHEREAS**, no party has previously requested or received time for an extension to answer or otherwise respond to the complaints in the above-captioned actions; and

**WHEREAS**, in order to avoid unnecessary expense to the parties and unnecessary expenditure of time by the Court prior to the appointment of lead plaintiff and lead counsel and

the filing of an amended complaint, a consolidated compliant, or the designation of an operative complaint, the parties have agreed, subject to the Court's approval, to set a schedule for the filing of an amended or consolidated (or designation of an operative) complaint and Defendants' responses thereto.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for Plaintiffs and Defendants, and subject to Court approval, that:

1. The above-captioned related actions are consolidated for all purposes under the docket number of the lead case, 20-cv-22202-KMM. Filings in the consolidated action shall bear the caption *In re Carnival Corp. Securities Litigation*.

2. Undersigned counsel for Defendants are authorized to accept, and hereby do accept, service of the Initial Complaints in these matters on behalf of Defendants, without prejudice and without waiver of any of Defendants' defenses, objections, or arguments, except as to sufficiency of service of process.

3. The parties are not required to meet and confer and file a joint scheduling report and joint proposed scheduling order until sixty (60) days after the Court appoints a lead plaintiff. Any orders requiring the parties to meet and confer and file a joint scheduling report and joint proposed scheduling order prior to that date are vacated. In the event Defendants move to dismiss the operative complaint, the parties may submit a stipulation further postponing the requirement that the parties meet and confer and file a joint scheduling report and joint proposed scheduling order until after the Court rules on Defendants' motions.

4. Defendants are not required to answer, move against, or otherwise respond to Plaintiffs' Initial Complaints unless one is designated as the operative complaint by the Court-appointed lead plaintiff under the schedule below.

5. The Court-appointed lead plaintiff shall have sixty (60) days after appointment to file an amended or consolidated complaint, or to designate one of the Initial Complaints as the operative complaint.

6. Defendants shall answer, move against, or otherwise respond to the operative complaint within sixty (60) days after the Court-appointed lead plaintiff files an amended or consolidated complaint, or designates one of the Initial Complaints as the operative complaint.

7. The Court-appointed lead plaintiff shall have forty-five (45) days to oppose any motions Defendants may file to dismiss the operative complaint.

8. Defendants' replies shall be due thirty (30) days after the filing of the Court-appointed lead plaintiff's opposition papers.

**IT IS SO STIPULATED**

Dated: Miami, Florida
June 26, 2020

                        NELSON MULLINS BROAD AND
                           CASSEL

*/s/ Mark F. Raymond*
Mark F. Raymond, Esq.
2 South Biscayne Blvd.
One Biscayne Tower, 21st Floor
Miami, FL 33131
Tel.: 305.373.9425
Fax: 305.995.6384
E-mail: mark.raymond@nelsonmullins.com

4

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Richard A. Rosen
(*pro hac vice application forthcoming*)
Daniel S. Sinnreich
(*pro hac vice application forthcoming*)
1285 Avenue of the Americas
New York, New York  10019
Tel:  (212) 373-3000
Fax:   (212) 757-3990
Email:  rrosen@paulweiss.com
        dsinnreich@paulweiss.com

*Counsel for Defendants*

CARELLA, BYRNE, CECCHI, OLSTEIN,
   BRODY & AGNELLO, P.C.

*/s/ Zachary S. Bower*
Florida Bar No. 17506
zbower@carellabyrne.com
Security Building
117 NE 1st Avenue
Miami, Florida 33132-2125
Tel: (973) 994-1700
Fax: (973) 994-1744

KESSLER TOPAZ MELTZER
   & CHECK, LLP

Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
namjed@ktmc.com
rdegnan@ktmc.com
Tel: (610) 667-7706
Fax: (610) 667-7056

*Counsel for Plaintiff John P. Elmensdorp*

        SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, FL 33326
(866) 849-7545
Fax: (866) 300-7367
jgoldstein@sfmslaw.com

BARRACK, RODOS & BACINE
Daniel E. Bacine
Jeffrey A. Barrack
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600
Fax: (215) 96300838
dbacine@barrack.com
jbarrack@barrack.com

POMERANTZ LLP
James M LoPiano
600 Third Avenue
New York, NY 10016
(212) 661-1100
Fax: (917) 463-1044
jlopiano@pomlaw.com

*Counsel for Plaintiff Service Lamp Corporation Profit Sharing Plan*

**SO ORDERED,** this ___ day of _____ , 2020.

        _____
        United States District Court Judge

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFIY** that a true and correct copy of the foregoing was served by Electronic Filing generated by the CM/ECF, on this 26th day of June, 2020, which will provide notification of filing to all counsel of record.

        By: */s/ Mark F. Raymond*
            Mark F. Raymond, Esq.