# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Case No. 1:20-cv-22202-KMM <br><br> <u>CLASS ACTION</u> |
| ABRAHAM ATACHBARIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, <br><br> Defendants. | Case No. 1:20-cv-23011-RNS <br><br> <u>CLASS ACTION</u> |

**JOINT DECLARATION OF RICHARD S. MONARCA AND LOUIS A. MANDARINI, III IN SUPPORT OF THE MOTION OF THE NEW ENGLAND CARPENTERS PENSION AND GUARANTEED ANNUITY FUNDS AND THE MASSACHUSETTS LABORERS' PENSION AND ANNUITY FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF COUNSEL, AND <u>CONSOLIDATION OF RELATED ACTIONS</u>**

We, Richard S. Monarca and Louis A. Mandarini, III, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the New England Carpenters Pension and Guaranteed Annuity Funds ("New England Carpenters") and the Massachusetts Laborers' Pension and Annuity Funds ("Massachusetts Laborers") for appointment as Lead Plaintiff in the securities class action litigation against Carnival Corporation ("Carnival") and certain of its senior executives.  We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation.  We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are associated.

2.      I, Richard S. Monarca, am the Executive Director of New England Carpenters, and am authorized to make this declaration on its behalf.  Based in Wilmington, Massachusetts, New England Carpenters provides retirement benefits to carpenters throughout New England.  As of December 31, 2019, New England Carpenters had total assets of over $5.5 billion.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, New England Carpenters incurred substantial losses on its investments in Carnival securities.

3.      New England Carpenters is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  New England Carpenters' familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff alongside two other institutional investors in *City of Roseville Employees' Retirement System v. EnergySolutions, Inc.*, No. 1:09-cv-08633-JGK (S.D.N.Y.), which resulted in a recovery of $26 million for investors.  New England

Carpenters also served as lead plaintiff together with other investors in *In re Seracare Life Sciences, Inc. Securities Litigation*, No. 3:05-cv-02335-JLS-CAB (S.D. Cal.), which resulted in a $4.6 million recovery.  New England Carpenters believes its experience overseeing class action lawsuits under the federal securities laws will be a significant benefit to the class.

4.     I, Louis A. Mandarini, III, am the Executive Director of Massachusetts Laborers, and am authorized to make this declaration on its behalf.  Based in Burlington, Massachusetts, Massachusetts Laborers provides retirement benefits to members of the Massachusetts Laborers' District Council of the Laborers International Union of North America.  As of December 31, 2019, Massachusetts Laborers had total assets of approximately $3 billion.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Massachusetts Laborers incurred substantial losses on its investments in Carnival securities.

5.     Massachusetts Laborers is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Massachusetts Laborers' familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff together with another institutional investor in *In re International Rectifier Corporation Securities Litigation*, No. 2:07-cv-02544-JFW-VBK (C.D. Cal.), a case which resulted in a $90 million recovery for investors and in which Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") served as co-lead counsel. Massachusetts Laborers also served as lead plaintiff alongside four institutional investors in *In re SanDisk LLC Securities Litigation*, No. 3:15-cv-01455-VC (N.D. Cal.), which resulted in a recovery of $50 million for investors.  Massachusetts Laborers is also currently serving as lead plaintiff with another institutional investor in *City of Miami Beach Police Officers' and Firefighters' Retirement Plan v. National General Holdings Corp.*, No. 1:19-cv-10825-JPO

3

(S.D.N.Y.).  Massachusetts Laborers believes its experience overseeing class action lawsuits under the federal securities laws will be a significant benefit to the class.

6.      New England Carpenters and Massachusetts Laborers are strongly motivated to recover the significant losses that we and the class suffered as a result of defendants' violations of the federal securities laws.  New England Carpenters and Massachusetts Laborers' principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties.  We believe that the prosecution of this case should be entrusted to experienced institutional investors that have a significant financial interest in the claims against defendants and are committed to ensuring the litigation is litigated as zealously and efficiently as possible, in accordance with their duties under the PSLRA.

7.      Accordingly, New England Carpenters and Massachusetts Laborers hereby reaffirm our obligation to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, New England Carpenters and Massachusetts Laborers will ensure that the Carnival securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

8.      New England Carpenters and Massachusetts Laborers each determined that they could maximize the class's recovery by pooling their respective resources and experience by jointly seeking appointment as Lead Plaintiff.  After reviewing the allegations pleaded in the action, and consulting with their respective counsel, New England Carpenters and Massachusetts

4

Laborers each independently determined to seek appointment as Lead Plaintiff, and approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

9.      In exploring their potential leadership of this case, New England Carpenters and Massachusetts Laborers expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment.  The decision to jointly move together for appointment as Lead Plaintiff is informed by New England Carpenters' and Massachusetts Laborers' experience serving as lead plaintiff in securities class actions alongside other institutional investors, and we believe that our partnership would allow for our sharing of experiences and resources and would add substantial value to the prosecution of the Carnival securities litigation and benefit the class.

10.      As Massachusetts-based retirement benefit funds, executives and personnel within our organizations share pre-existing professional relationships, have known each other for many years, have collaborated on initiatives that affect our funds and our related industries and/or organizations, and have consulted each other on issues related to our respective funds.  For example, both of our funds are members of the Massachusetts Coalition of Taft-Hartley Trust Funds, Inc., which provides a forum for the discussion of ideas and concerns that are encountered in the everyday operations of the management of the participating funds.  These professional relationships long preceded the filing of the Carnival securities litigation and, through these relationships, our funds have broad experience consulting and collaborating on matters of shared interest to our respective institutions.  New England Carpenters and Massachusetts Laborers would bring this collaborative history and experience to bear in our leadership of this case.

11.      For these reasons, and after additional diligence, New England Carpenters and Massachusetts Laborers each independently determined that our funds could best achieve our

5

shared goals of securing the maximum potential recovery for Carnival investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure the class was represented by highly-qualified counsel.

12. Prior to seeking joint appointment as Lead Plaintiff, we participated in a conference call in which we discussed our respective funds' losses arising from defendants' misconduct, the claims against defendants, and the procedures and protocols we would follow in jointly prosecuting the case. During this call, we also discussed: the benefits the class would receive from the leadership of committed institutions with a history of service under the PSLRA; our desire to maximize the recovery for the class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to ensure that representatives of New England Carpenters and Massachusetts Laborers could discuss the prosecution of this matter either with or without counsel; and ensuring that investors' claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Bernstein Litowitz and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz").

13. New England Carpenters and Massachusetts Laborers agree that our collective resources, combined experience leading securities class actions (including serving as co-lead plaintiffs with other institutional investors), and our ability to engage in joint decision-making will materially benefit and advance the interests of the class in this case. We believe that, by working together here, New England Carpenters and Massachusetts Laborers can, among other things, ensure that the class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel.

14. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve

6

as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner.  We intend to prosecute this litigation in such an independent and vigorous manner.

15.     Moreover, both New England Carpenters and Massachusetts Laborers are highly motivated to recover the substantial losses our respective funds incurred and intend to share our perspectives, experiences, and resources to direct this litigation.  To this end, we have discussed with each other the importance of joint decision-making, open communication and the ability to confer, with or without counsel, via telephone and email on short notice to ensure that we are able to make timely decisions.  Among other things, New England Carpenters and Massachusetts Laborers each have dedicated and experienced personnel who will oversee this matter and are available to confer via telephone and email to ensure that the funds are able to make timely decisions.

16.     In addition, New England Carpenters and Massachusetts Laborers recognize the importance of selecting qualified counsel to prosecute the litigation in an efficient and cost-effective manner.  With respect to counsel, we believe that the class will benefit from having law firms experienced in jointly litigating securities class actions and successfully serving as Lead Counsel.  New England Carpenters has a relationship with Bernstein Litowitz, and Massachusetts Laborers has a relationship with both Bernstein Litowitz and Kessler Topaz.  We have discussed that Bernstein Litowitz and Kessler Topaz have successfully prosecuted numerous cases together as co-lead counsel.

17.     Through our oversight, we are confident that Bernstein Litowitz and Kessler Topaz will prosecute this litigation in a zealous and efficient manner.  Bernstein Litowitz and Kessler Topaz have successfully prosecuted, and are currently prosecuting, several securities class actions

together, and that they have a demonstrated track record for achieving some of the largest securities class action recoveries while working together efficiently and in a cost-effective manner.  Indeed, Kessler Topaz has already demonstrated its commitment to the class through its investigation of the claims against Carnival and its filing of a complaint expanding the class period beyond what was asserted in the initial complaint filed in this litigation.

18.     To further ensure that this litigation will be prosecuted efficiently and without duplicative effort, prior to seeking appointment as Lead Plaintiff, we instructed Bernstein Litowitz and Kessler Topaz to enter into a Joint Prosecution Agreement to govern counsel's activities in this litigation.  We have further instructed Bernstein Litowitz and Kessler Topaz to provide the Joint Prosecution Agreement to the Court for *in camera* review should the Court deem such a review helpful.  Consistent with the Joint Prosecution Agreement, as part of our oversight of counsel, and to ensure there is no duplication of effort, we have instructed our proposed Lead Counsel to keep contemporaneous time records to be provided to us upon request.  Ultimately, we believe the experience and success of Bernstein Litowitz and Kessler Topaz in jointly prosecuting securities class actions, combined with our oversight of these firms, will ensure that the class receives the best possible representation in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to New England Carpenters are true to the best of my knowledge. Executed this 27th day of July 2020.

_____
Richard S. Monarca
Executive Director
*On behalf of the New England Carpenters Pension and Guaranteed Annuity Funds*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Massachusetts Laborers are true to the best of my knowledge.  Executed this __27__ day of July 2020.

Louis
Mandarini III

Digitally signed by Louis
Mandarini III
Date: 2020.07.27
13:53:14 -04'00'

Louis A. Mandarini, III
Executive Director
*On behalf of the Massachusetts Laborers' Pension and Annuity Funds*