**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SERVICE LAMP CORPORATION PROFIT SHARING PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARNIVAL CORPORATION, ARNOLD W. DONALD, and DAVID BERNSTEIN,<br><br>Defendants. | Case No. 1:20-cv-22202-KMM<br><br>Judge K. Michael Moore<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |
| JOHN P. ELMENSDORP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON,<br><br>Defendants. | Case No. 1:20-cv-22319-KMM<br><br>Judge K. Michael Moore |
| ABRAHAM ATACHBARIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON,<br><br>Defendants. | Case No. 1:20-cv-23011-RNS<br><br>Judge Robert N. Scola |

**LEAD PLAINTIFF MOVANTS ROY AND JOAN MCCARROLL'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL AND INCORPORATED MEMORANDUM OF LAW**

Proposed Lead Plaintiffs Roy and Joan McCarroll, by and through their undersigned counsel, and pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby move this Court for the entry of an Order: (i) consolidating the above-captioned class actions (together, the "Actions")[1]; (ii) appointing Roy and Joan McCarroll as Lead Plaintiffs on behalf of a class consisting of all persons and entities who purchased or otherwise acquired the publicly traded securities of Carnival Corporation ("Carnival"") from September 26, 2019 through May 1, 2020 (the "Class Period"), and were damaged thereby (the "Class"); (iii) approving Roy and Joan McCarroll's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the Class and Mark Migdal and Hayden ("MM&H") as Liaison Counsel to the Class; and (iv) granting such other and further relief as the Court may deem just and proper; and in support thereof state as follows:[2]

**PRELIMINARY STATEMENT**

Roy and Joan McCarroll respectfully submit that they should be appointed Lead Plaintiffs in the Actions on behalf of the Class. The Actions, which are brought against Carnival and certain of its executive officers (collectively, "Defendants"), seek to recover damages caused by

---

[1] Counsel for Roy and Joan McCarroll note that this Court has already consolidated the related action, captioned *Elmensdorp, v. Canrival Corp.*, No.1:20-cv-22319-KMM (S.D. Fla) with the lowest-docketed action listed above. *See* ECF No. 10.

[2] The PSLRA provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Roy and Joan McCarroll has no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Roy and Joan McCarroll has been unable to conference with opposing counsel as prescribed in Local Rule 7.1(a)(3), and respectfully request that the conference requirement of Local Rule 7.1(a)(3) be waived in this narrow instance.

2

Defendants' alleged violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Roy and Joan McCarroll, a married couple residing in Alabama with over 20 years of investing experience, respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Roy and Joan McCarroll incurred collective losses of $660,166.53, their Class Period transactions in Carnival securities as calculated on a last-in-first-out ("LIFO") basis.[3]  Accordingly, Roy and Joan McCarroll have a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Roy and Joan McCarroll also meet the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly

---

[3]  A copy of the Certification of Roy and Joan McCarroll ("Certification"), is attached as Exhibit A to the Declaration of Etan Mark (the "Mark Decl.").  The Certifications set forth all of Roy and Joan McCarroll's transactions in Carnival securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Roy and Joan McCarroll on their Class Period transactions in Carnival securities ("Loss Analysis") is attached as Exhibit B to the Mark Decl.

and adequately represent the interests of the Class.  Accordingly, Roy and Joan McCaroll are the presumptive Lead Plaintiffs.

Finally, pursuant to the PSLRA, Roy and Joan McCarroll respectfully request that the Court approve their selection of Bernstein Liebhard as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one and is well qualified to represent the Class.

Accordingly, Roy and Joan McCarroll respectfully request that the Court appoint them as Lead Plaintiffs for the Class and approve their selection of Lead Counsel.

## FACTUAL BACKGROUND

Carnival is headquartered in Miami, Florida and operates the world's largest cruise company.  Its brands include Carnival Cruise Line, Princess Cruises, Holland America Line, Seabourn, P&O Cruises (Australia), Costa Cruises, AIDA Cruises, P&O Cruises (UK), and Cunard.

The complaints allege that the Defendants made materially false and/or misleading statements, and/or failed to disclose material adverse facts about the Carnival's business, operations and prospects.  Specifically, the Defendants failed to disclose to investors that: (i) Carnival's medics were reporting increasing events of COVID-19 illness on Carnival's ships; (ii) Carnival was violating port of call regulations by concealing the amount and severity of COVID-19 infections on board its ships; (iii) in responding to the outbreak of COVID-19, Carnival failed to follow its own health and safety protocols developed in the wake of earlier communicable disease outbreaks; (iv) by continuing to operate, Carnival ships were responsible for continuing

to spread COVID-19 at various ports throughout the world; and (v) as a result of the foregoing, Defendants' positive statements about Carnival's business, operations and prospects, were materially misleading and/or lacked a reasonable basis.

The truth was revealed through a series of partial disclosures.  First, on April 16, 2020, while the Company still had two of its cruise ship out at sea, *Bloomberg Businessweek* published an article titled "Carnival Executives Knew They Had a Virus Problem But Kept the Party Going," which revealed that Carnival may have failed to adequately protect passengers from COVID-19 on a series of cruise voyages and continued to operate new cruise departures, despite knowledge of the proliferation of COVID-19.  On this news, Carnival's share price fell $0.53 per share from a prior close of $12.38 per share to close at $11.85 per share on April 16, 2020.

Then on May 1, 2020, *The Wall Street Journal* published an article titled "Cruise Ships Set Sail Knowing the Deadly Risk to Passengers and Crew," which detailed how cruise ships including Carnival ships, facilitated the spread of COVID-19 and provided new facts about early warning signs Carnival and its cruise lines possessed and the Carnival's related COVID-19 disclosure failures.  The article also noted that testimony form an investigation in Australia revealed that Carnival and its cruise lines may have misled shore officials by concealing those exhibiting COVID-19 symptoms before docking.  On the same day, it was revealed that the Chair of the House Committee on Transportation and Infrastructure and Chair of the House Subcommittee on Coast Guard and Maritime Transportation had initiated a records request regarding the response of Carnival to Covid-19 or other infectious disease outbreaks aboard cruise ships.  On this news, Carnival's share price fell $1.97 per share from a prior close of $15.90 per share to close at $13.93 per share on May 1, 2020, further damaging Carnival investors.

## MEMORANDUM OF LAW

### I.      THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve a common question of law or fact." *Biver v. Nicholas Fin., Inc.*, No. 8:14-CV-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). "Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501 (S.D. Fla. 2002) (citing *Hargett v. Valley Fed. Savings Bank*, 60 F.3d 754, 765 (11th Cir. 1995)). Further, "[c]onsolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Id.* at 501–02 (citation omitted); *see also Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) ("consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports") (internal quotation marks and citation omitted).

Here, the Actions are well-suited for consolidation. The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act. Each action sets forth identical allegations relating to similar parties, transactions, and events. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a). Accordingly, Roy and Joan McCarroll

respectfully request that the Court consolidate the Actions, and any other subsequently-filed action.

## II.     ROY AND JOAN MCCARROLL SHOULD BE APPOINTED LEAD PLAINTIFF

Roy and Joan McCarroll respectfully submit that they should be appointed Lead Plaintiffs because they timely filed the instant motion, believe they have the largest financial interest of any qualified movant, and satisfy the typicality and adequacy requirements of Rule 23.

### A.     The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or timely filed a motion to

serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the Class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Nat'l Beverage Corp.*, 2018 WL 9847842, at *1.

Under the framework established by the PSLRA, Roy and Joan McCarroll are "the most adequate plaintiff" and should be appointed as Lead Plaintiffs.

### B. Roy and Joan McCarroll are The "Most Adequate Plaintiff"

#### 1. Roy and Joan McCarroll's Motion Is Timely

Roy and Joan McCarroll filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action against Defendants caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely-circulated, national, business-oriented news wire service, on May 27, 2020. *See* Mark Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before July 27, 2020. Roy and Joan McCarroll filed their motion seeking appointment as Lead Plaintiff within this deadline and thus have satisfied the procedural requirements of the PSLRA.

### 2.   Roy and Joan McCarroll Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Eagle Bldg. Techs.*, 209 F.R.D. at 502 ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed.").

Roy and Joan McCarroll incurred substantial losses of $660,166.53 on their relevant transactions in Carnival securities on a LIFO basis during the Class Period.  *See* Mark Decl., Ex. B.  Accordingly, Roy and Joan McCarroll have a substantial financial interest as qualified movants seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Assoc. LLC v. Windmere–Durable Holdings, Inc.*, 184 F.R.D. 688, 692 (S.D. Fla. 1999) (choosing as lead plaintiff the individual who has the largest financial interest).

### 3.   Roy and Joan McCarroll Satisfy Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).  At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Nat'l Beverage Corp.*, 2018 WL 9847842, at *2; *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016).  Here, Roy and Joan McCarroll unquestionably satisfy both requirements.

**(a)**     **Roy and Joan McCarroll's Claims Are Typical of Those of the Class**

The Rule 23(a) typicality requirement is satisfied when there is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Nicholas Fin., Inc.*, 2014 WL 1763211, at *5 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)).  On this point, "'[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'"  *Id.* (quoting *Carnival Cruise Lines, Inc.*, 741 F.2d at 1337).

As applied, Roy and Joan McCarroll's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Roy and Joan McCarroll allege that Defendants made material misstatements and omissions regarding Carnival's statements related to COVID-19.  Roy and Joan McCarroll as did all of the members of the Class, transacted in Carnival securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and were damaged thereby.  Because Roy and Joan McCarroll's claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied.

**(b)**     **Roy and Joan McCarroll  Satisfy the Adequacy Requirement of Rule 23**

"[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel."  *Id.* (quoting *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001)).  "Thus, the adequacy of representation analysis involves two inquiries: '(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will

adequately prosecute the action.'" *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)).

As applied, Roy and Joan McCarroll have satisfied the adequacy requirement of Rule 23. *First*, Roy and Joan McCarroll understand and accept the duties and obligations as a Lead Plaintiff under the PSLRA. *See* Mark Decl., Ex. A. *Second*, no antagonism exists between the interests of Roy and Joan McCarroll, and those of the absent Class members; rather, the interests of Roy and Joan McCarroll, and the Class are squarely aligned. Roy and Joan McCarroll jointly suffered substantial losses due to Defendants' alleged misconduct and, therefore, have a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. *Third*, there is no proof that Roy and Joan McCarroll are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *Finally*, Roy and Joan McCarroll have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section III, and timely submitted their choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). Based on the foregoing, Roy and Joan McCarroll are adequate to represent the Class.

III.   **ROY AND JOAN MCCARROLL'S SELECTION OF LEAD COUNSEL MERITS APPROVAL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Mark Decl., Ex. D. Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

11

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *In re Hexo Corp Sec. Litig.*, No. 1:19-cv-10965-NRB (S.D.N.Y.); *Stirling v. Ollie's Bargain Outlet Holdings Inc.*, No. 1:19-cv-08647-JPO (S.D.N.Y.); and *In re Fiat Chrysler Automobiles N.V. Sec. Litig.*, No. 1:19-cv-06770-ERK (E.D.N.Y.)..

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement)

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

12

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel MM&H, maintains offices in this District, and has extensive class action and securities litigation experience.  *See* Mark Decl., Ex. E.

## CONCLUSION

For the foregoing reasons, Roy and Joan McCarroll respectfully request that the Court issue an Order: (i) consolidating the above-captioned actions; (ii) appointing Roy and Joan McCarroll as Lead Plaintiff for the Class; (iii) approving Roy and Joan McCarroll's selection of Bernstein Liebhard as Lead Counsel for the Class and MM&H as Liaison Counsel to the Class; and (iv) granting such other relief as the Court may deem just and proper.

DATED:  July 27, 2020

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Etan Mark*
       Etan Mark, Esq.
       Florida Bar No. 720852
       etan@markmigdal.com
       Daniel S. Maland, Esq.
       Florida Bar No. 114932
       daniel@markmigdal.com
       eservice@markmigdal.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein, Esq.
Laurence J. Hasson, Esq.
Matthew E. Guarnero, Esq.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
mguarnero@bernlieb.com

*Counsel for Lead Plaintiff Movants Roy and Joan McCarroll and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

/s/ Etan Mark
Etan Mark, Esq.

1