## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Case No. 20-cv-22202-KMM<br><br>CLASS ACTION |
| ABRAHAM ATACHBARIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    - v. -<br><br>CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON,<br><br>        Defendants. | Case No. 20-cv-23011-RNS<br><br>CLASS ACTION |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO CONSOLIDATE RELATED ACTIONS

Defendants Carnival Corporation, Carnival plc, Arnold W. Donald, David Bernstein, and Micky Arison (the "Defendants") respectfully submit this memorandum of law in support of Plaintiffs' motions to consolidate the related actions captioned *In re Carnival Corp. Securities Litigation*, No. 20-cv-22202-KMM (S.D. Fla.) (the "Consolidated Action"), and *Atachbarian* v. *Carnival Corp., et al.*, No. 20-cv-23011-RNS (S.D. Fla.) (the "*Atachbarian* Action"), pursuant to Federal Rule of Civil Procedure 42(a).[1]   The Plaintiff in the *Atachbarian* Action opposes consolidation of these actions.  Dkt. No. 19[2]; *Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 13-1.

The related actions should be consolidated to prevent inefficiency and waste of the Court's and the litigants' resources.  The Consolidated Action and the *Atachbarian* Action arise out of the same alleged facts concerning Carnival's response to the COVID-19 pandemic and assert the same legal theories against the same Defendants.  If the *Atachbarian* Action is allowed to proceed as a separate case from the Consolidated Action, Defendants will be forced to engage in costly and inefficient duplicative litigation.  Allowing these cases to proceed on two separate schedules, with separate lead plaintiff deadlines and dispositive motion practice, will similarly waste the Court's time and resources.

Under Federal Rule of Civil Procedure 42(a), cases may be consolidated when they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Here, consolidation is appropriate because the Consolidated Action and the *Atachbarian* Action contain substantially

---

[1] Motions to consolidate these related actions were filed by purported shareholders Stuart Roy Rosenblatt (Dkt. No. 17), Joseph Fuscaldo (Dkt. No. 18), Stephen Harris (Dkt. No. 20), LiUNA Pension Fund of Central and Eastern Canada (Dkt. No. 21), New England Carpenters Pension and Guaranteed Annuity Funds and Massachusetts Laborers' Pension and Annuity Funds (Dkt. No. 23), and Roy and Joan McCarroll (Dkt. No. 25; *Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 12).  Each purported shareholder has also moved for appointment as lead plaintiff and for approval of its selection of lead counsel.  Defendants take no position on the pending motions to appoint lead plaintiff and counsel in these related actions.

[2] References to "Dkt. No __" refer to docket entries in the Consolidated Action.

1

similar factual allegations and legal theories.  Both assert claims under Rule 10b-5 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Carnival and certain of its executives.  *Compare* Dkt. No. 1 ("*Service Lamp* Compl.") ¶¶ 60–66, *with Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 1 ("*Atachbarian* Compl.") ¶¶ 83–89.  Both allege that the same set of public statements by Defendants were materially misleading for the same reasons.  *Compare, e.g.*, *Service Lamp* Compl. ¶¶ 27–30, 39, *with Atachbarian* Compl. ¶¶ 21–24.  The alleged class periods in the actions differ by only one day.  *Compare Service Lamp* Compl. ¶ 1, *with Atachbarian* Compl. ¶ 15.  And both actions cite the same April 16, 2020 Bloomberg report and May 1, 2020 Wall Street Journal article as alleged corrective disclosures that revealed Defendants' alleged fraud on the market.  *Compare Service Lamp* Compl. ¶¶ 40–46, *with Atachbarian* Compl. ¶¶ 49–52.  Indeed, Mr. Atachbarian has stipulated that his action and the Consolidated Action "aris[e] out of similar facts and circumstances," and has agreed to transfer his action to Chief Judge Moore, who is presiding over the Consolidated Action.  *See Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 16.

Mr. Atachbarian nonetheless contends that his putative class action must be maintained separately because he seeks to represent a class of option investors, whereas the Consolidated Action is brought only on behalf of investors in Carnival stock.  Dkt. No. 19; *Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 13-1.  He is wrong on both the facts and the law.  As a factual matter, the *Service Lamp* complaint was brought on behalf of "all those who purchased or otherwise acquired Carnival common stock *and securities*" during the Class Period.  *Service Lamp* Compl. ¶ 1 (emphasis added).  The term "security" is statutorily defined to include options investors.  *See* 15 U.S.C. § 78c(a)(10) (defining "security" to include "any put, call, straddle, option, or privilege on any security"); *Blue Chip Stamps* v. *Manor Drug Stores*, 421

2

U.S. 723, 751 (1975) (including options in the definition of securities for the purposes of Rule 10b-5).  As a legal matter, courts routinely reject efforts by option investors to bring and maintain separate securities lawsuits when there already exists a lawsuit arising out of the same facts and circumstances brought by common shareholders.  *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & Emp't Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (consolidating a case brought on behalf of option holders with a case brought on behalf of common shareholders when they "raise the same issues of fact and law"); *Johnson* v. *J.C. Penney Co.*, 2015 WL 12780596, at *3 (E.D. Tex. June 10, 2015) (same).

Neither of the cases cited by Mr. Atachbarian in his letter to the Court (Dkt. No. 19; *Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 13-1) counsels against consolidation.  In *In re American Italian Pasta Co. Securities Litigation*, an option trader sought to be appointed as a class representative at the class certification stage of the litigation.  2007 WL 927745, at *6 (W.D. Mo. Mar. 26, 2007).  The Court did not consider whether cases brought by different investors should be consolidated; to the contrary, the option trader seeking appointment as a class representative "made no effort to . . . object to consolidation of his claims as an options trader with the claims of stockholders."  *Id.*  The court in *Weikel* v. *Tower Semiconductor Limited* similarly discussed the difference between options and common shares in the context of certifying a class and appointing a class representative.  183 F.R.D. 377, 391–92 (D.N.J. 1998). The court did not consider or decide whether stockholders and option investors could maintain separate lawsuits arising out of the same alleged wrongdoing.

Defendants believe consolidation is warranted here as a matter of efficiency and fundamental fairness.  Mr. Atachbarian filed his lawsuit nearly two months after *Service Lamp*, and he is seeking to proceed on a schedule nearly two months delayed from the Consolidated

3

Action. *See* Dkt. No. 19 at 1 (explaining that lead plaintiff motions in the *Atachbarian* Action are currently due on September 21, 2020); *see also Atachbarian*, No. 20-cv-23011-RNS, Dkt. No. 13-1 at 1. If the *Atachbarian* Action is permitted to proceed on a separate track, Defendants will be forced to engage in costly and inefficient duplicative litigation, including moving to dismiss two separate complaints that assert the same causes of action based on the same alleged misstatements. Allowing these cases to proceed as separate matters on different schedules will also waste the Court's time and resources, and will impose "unnecessary cost or delay" in the resolution of these claims. *See* Fed. R. Civ. P. 42(a)(3); *see also Newman* v. *Eagle Bldg. Techs.*, 209 F.R.D. 499, 501–02 (S.D. Fla. 2002) ("Consolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned.")

Accordingly, Defendants respectfully request that the Court consolidate the Consolidated Action and the *Atachbarian* Action for all purposes under Rule 42, and that both actions proceed according to the same schedule.

Dated: August 10, 2020

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Erin Kolmansberger*
Erin Kolmansberger (No. 94104)
Mark F. Raymond  (No. 373397)
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Tel: (305) 373-9448
Fax: (305) 995-6395
Email:
erin.kolmansberger@nelsonmullins.com
mark.raymond@nelsonmullins.com

4

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Richard A. Rosen (admitted *pro hac vice* in *In re Carnival Corp. Securities Litigation*)
Daniel S. Sinnreich (admitted *pro hac vice* in *In re Carnival Corp. Securities Litigation*)
1285 Avenue of the Americas
New York, New York  10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Email: rrosen@paulweiss.com
       dsinnreich@paulweiss.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was served by Electronic Filing generated by the CM/ECF, on this 10th day of August, 2020, which will provide notification of filing to all counsel of record.

By: */s/ Erin K. Kolmansberger*
     Erin K. Kolmansberger, Esq.

5