**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Case No.  1:20-cv-22202-KMM <br><br> <u>CLASS ACTION</u> |
| ABRAHAM ATACHBARIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, | Case No.  1:20-cv-23011-RNS <br><br> <u>CLASS ACTION</u> |
| CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, <br><br> Defendants. |  |

**PLAINTIFF ABRAHAM ATACHBARIAN'S MEMORANDUM**
**OF LAW IN FURTHER SUPPORT OF HIS**
**<u>OPPOSITION TO CONSOLIDATION</u>**

Plaintiff, Abraham Atachbarian ("Atachbarian"), submits this memorandum of law in further support of his opposition to the consolidation of the action captioned *Atachbarian v. Carnival Corporation, et al.*, Case No. 1:20-cv-23011-RNS (the "*Atachbarian* Action")[1] presently pending before the Hon. Robert N. Scola, Jr., with the Consolidated Action until:  (1) the lead plaintiff process commenced in the *Atachbarian* Action, as discussed in Atachbarian's

---

[1] All capitalized terms are defined in Plaintiff Abraham Atachbarian's Memorandum of Law In Opposition to Consolidation (ECF No. 30)(the "Initial Memorandum", the "Initial Mem. at __").

1

Initial Memorandum, is completed; and/or (2) there is a commitment by the common share purchaser lead plaintiff in the Consolidated Action, which Atachbarian presumes are the New England Carpenters and Massachusetts Laborer's Pension and Annuity Funds ("New England"), to bring a claim on behalf of the Options Class and in particular, put sellers, and to consider Atachbarian as the potential representative.[2]

In response to Atachbarian's opposition to consolidation at this juncture, New England argues:  (1) the Service Lamp Notice was sufficient to put options traders on notice of the lead plaintiff process; (2) appointing a separate lead plaintiff for the Options Class would fracture the leadership of the Consolidated Action; and that (3) options traders do not require separate representation.  Based upon these arguments, it argues that Atachbarian's notice should be vacated.[3]

Atachbarian addressed many of these arguments in his Initial Memorandum. To the extent that they have been further detailed by New England, he will address them below.

A.   The Service Lamp Notice Was Not Adequate to Put Sellers On Notice

Contrary to New England's argument, the Service Lamp Notice, which noticed only those who *purchased* or otherwise *acquired* the securities of Carnival, did not put on notice those who *sold* put options.  Even if the broad definition of securities applies to the use of the word

---

[2] While New England recognizes that different securities may ultimately need separate representation, it makes no commitment to consider or to bring those claims in any consolidated amended complaint. Memorandum of Law in Further Support of the Motion of the New England Carpenters Pension and Guaranteed Annuity Funds and the Massachusetts Laborers' Pension and Annuity Funds for Appointment as Lead Plaintiff, Approval of their Selection of Counsel, and Consolidation of Related Actions, and In Opposition to Competing Motions ("New England Mem.", New England Mem. at __") ECF No. 32 at 14 n. 7.  Movants Roy and Joan McCarroll (the "McCarrolls") similarly make no commitment to bring such claims.  Roy and Joan McCarroll's Memorandum of Law in Further Support of their Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, and In Opposition to Competing Motions ("McCarroll Memorandum", "McCarroll Mem. at __") ECF No. 31 at 1 n. 1.

[3] Notably, the McCarrolls say little about the *Atachbarian* Action other than that it should be consolidated. McCarroll Mem. at 1 n.1.

"securities" in the Notice under the Securities Exchange Act (the "Exchange Act"), Atachbarian's sale of put contracts are not covered, nor are they part of the putative class. *See In re Valeant Pharms. Int'l., Ince. Secs. Litig.*, 15-cv-7658 (MAS)(LHG), 2018 U.S. Dist. LEXIS 191439, at *18-19 (D.N.J. Nov. 7, 2018)(explaining that sellers of put options do not fall within a class of purchasers of equity securities).[4] 15 U.S.C.§78c(a)(10), which defines a security under the Exchange Act, merely states that a put is a security. It does not say that selling puts are the same as purchasing or otherwise acquiring a security. Nor did the Supreme Court state that in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 751 (1975). The Court merely stated that purchasers and sellers of puts, calls, options and other contractual rights are considered purchasers and sellers of securities.

The court in *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at *13 (D. Ariz. Mar. 11, 2009), cited by New England at pages 11-12, glossed over this issue when it appointed as lead an options trader, who both purchased and sold puts, acknowledging that there was a divergence of authority as to whether an options trader could properly be lead plaintiff of a common purchaser class. In light of the language of 1934 Act, moreover, it is likely wrongly decided. In *In re Orbital Sciences. Corp. Sec. Litig.*, 188 F.R.D. 237, 240 (E.D. Va. 1999), the court did not discuss the notice issue presented here.

B. Courts Have Appointed Separate Lead Plaintiffs for Option Traders

---

[4] The *Valeant* court did not appoint a separate class for the options traders because the lead plaintiff, a pension fund, had options itself, and thus had an incentive to bring claims on behalf of options traders. *Id*. at *21. The court further explained that the options purchaser's motion had put the lead plaintiff on notice that defendants might oppose class certification of a class that omitted certain securities traders, and that the issue could be addressed at the class certification stage. *Id*. at *18. That is not the case here as neither of the two remaining movants have options, and accordingly have no incentive to bring claims on behalf of options traders. *See also* Initial Mem. at 12-13 (collecting cases in which lead plaintiffs without options have failed to bring claims on behalf of option traders).

New England further argues that appointing a separate lead for the Options Class would fracture the leadership of the action and is antithetical the purpose of the PSLRA.  New England Mem. at 12-13.  As Atachbarian explained in his Initial Memorandum, many courts have appointed a separate lead plaintiff on behalf of options purchasers or put sellers, especially where, as here, the movants for lead plaintiff have not made any commitment to protect their interests nor have any incentive to so.  Initial Mem. at 11-13.  *See also Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398 (D. Minn. 1998) (separate leadership appointed for a class of option traders); *American Italian*, 05-cv-0725-CV-W-ODS, 2007 U.S. Dist. LEXIS 21365, at *24-25 (W.D. Mo. Mar. 26, 2007) (noting that a lead plaintiff who did not trade options cannot be lead on behalf of a class of options traders); Stipulation and Order entered in  *Wallerstein v. Netflix, Inc, et al.*, Case No. 5:19-cv-04195-LHK (N.D. Cal. Jan. 31, 2020) (ECF No. 54) (approving a co-leadership structure with a separate options class, similar to that advocated here) Longman Dec., Ex. J (ECF No. 30-1);  *In re Allergan, Inc. Proxy Violation Derivatives Litig.*, Case No. 2:17-cv-04776 (ECF No. 63) (appointing separate options purchaser and put seller class where common purchaser failed to make claims specific to those class members) Longman Dec., Ex. I (ECF No. 30-1); *In re New Oriental Educ. & Tech. Group Secs. Litig.*, 293 F.R.D. 483, 486-88 (S.D.N.Y. 2013) (claims of options traders severed after lead plaintiff failed to include the options trader claims).

C.  Courts Have Denied Appointing A Separate Lead Plaintiff for Options Traders, Where the Lead Plaintiff Commits or Has an Incentive to Protect Their Interests

As Atachbarian discussed in the Initial Memorandum, in the cases initially cited by New England in support of this proposition (Initial Mem. at 18-19), courts denied the lead plaintiff motion by the options trader, for the most part, because the common purchaser lead plaintiff agreed or was admonished by the court to take steps to protect the interests of the options trader. Initial Mem. at 9-10. See, e.g., *Johnson v. J.C. Penney Co.*, No. 6:1-CV-722, 2015 U.S. Dist. LEXIS

185879 at *6 (E.D. Tex. June. 10, 2015) (a common share purchaser lead plaintiff refused to assert claims on behalf of options purchasers and the court consolidated this action with a separate options trader action only after the lead plaintiff agreed to include in the putative class "those who transacted in options" and to appoint the plaintiff who transacted in options as the class representative.) The additional cases cited by New England in its memorandum in further support hold similarly. (New England Mem. at 12-15). None of them, moreover, addresses the issue here— whether a separate lead is necessary where the notice and the class definition specifically excluded put sellers, and the presumptive lead plaintiff or other movants make no commitment to protect those traders. In *Kabak v. Becton, Dickinson & Co.*, Civ. Action No. 20-2155 (SRC), 2020 U.S. Dist. LEXIS 100941 (D.N.J. June 9, 2020), for instance, there is no indication that the options investor seeking to be appointed lead sold put options, as here, and thus never raised the issue of whether put sellers were properly informed by the relevant PSLRA notice, much less whether they were properly represented by those who purchased securities. Moreover, the court noted that the options investor cited no authority that his status as an options trader warranted appointing him as a co-lead. *Id*. at *9. The court also noted that any differences in the interests of options investors and common stock purchasers could be addressed by adding named plaintiffs—a commitment neither New England nor the McCarrolls make here. In *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015), the options purchasers failed to pursue their motion and thus, there was little discussion about whether they would have warranted a separate class or subclass. In any event, the options purchasers at issue there only purchased calls and therefore were part of the class. *Fishbury, Ltd. v. Connectics Corp.*, 06 Civ. 11496 and 06 Civ. 12875, 2006 U.S. Dist. LEXIS 90696 (S.D.N.Y. Dec. 14, 2006), the contestant for lead plaintiff to represent claims concerning options was only a purchaser of call options and this case similarly

does not address the issue here, inadequate notice to put sellers and whether put sellers are part of the class. Thus, the court specifically noted that under Second Circuit law, any issues regarding standing or class certification issue could be addressed by naming additional members of the class, and repeated the admonition that a lead plaintiff had a responsibility to identify and include named plaintiffs who have standing to represent various subclasses.

As discussed in the Initial Mem. at 10, in *Hedick v. Kraft Heinz Co.*, Case No. 19-cv-1339, 2019 U.S. Dist. LEXIS 174315 (N.D. Ill. Oct. 8. 2019), the court denied the options trader's motion for lead, while acknowledging that it had distinctive claims, explaining that if the common purchaser lead plaintiff failed to protect those claims, it could move to remove the lead. *Id*. at \*32. The court did not address the issue of whether put sales were encompassed in the notice, and both the court and the options trader did not focus on whether put sales were part of the class.

D.  The Court Should Not Vacate the Atachbarian Notice

The Service Lamp Notice was inadequate, and put sellers are not part of the class. Further, neither of the remaining movants has committed to protecting the interests of options traders. Thus, the Court should not consolidate the *Atachbarian* Action with the Consolidated Action until the completion of the lead plaintiff process commenced in that Action, thereby allowing Atachbarian to secure representation for that class, and in particular for put sellers. It should not vacate the Atachbarian notice. Atachbarian is clearly not attempting to skirt the lead plaintiff deadline, as he submitted a letter on that date indicating his opposition to consolidation and the reasons therefor. (*See* Letter filed with this Court on July 27, 2020. ECF No. 19). Moreover, he is not attempting to trigger a new lead plaintiff process by filing a complaint on behalf of a subset of the class, since put sellers are not included in the class. A new notice is appropriate in this circumstance. *See Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, Civ. Action No.

4:17-cv-00449, 2017 U.S. Dist. LEXIS 140268, at *13-14 (E.D. Tex. Aug. 31, 2017) (recognizing that a new or amended complaint with a new class could trigger an additional sixty days where classes of potential leads are left out of the original notice procedure). *See also* Initial Mem. at 6-7. *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484 (S.D. Fla. 2003) and *Lax v. First Merchs. Acceptance Corp.*, Case No. 97 C 2716, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 15, 1997), cited by New England (New England Mem. at 15-16), both concern whether new notice was required for the filing of an amended complaint, which is not the circumstance here.

However, in the alternative if the Court is inclined to vacate the notice and consolidate the Actions, then Atachbarian requests that the Court enter an order requiring that the appointed lead plaintiff expand any class definition to specifically include put sellers, and consider Atachbarian as the potential class representative for the options purchasers.

Conclusion

Based upon the foregoing, Atachbarian requests that the Court deny the remaining motions for consolidation and appointment of lead plaintiff to the extent that they seek to consolidate the *Atachbarian* Action with the Consolidated Action, unless and until the lead plaintiff process in the *Atachbarian* Action is completed.

Dated:  August 17, 2020

Respectfully submitted,

**EGGNATZ PASCUCCI, P.A**

*/s/ Joshua H. Eggnatz_____*
Joshua H. Eggnatz, Esq.
JEggnatz@JusticeEarned.com
**EGGNATZ PASCUCCI, P.A.**
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913

7

Email:  jeggnatz@justiceearned.com

*Local Counsel for Plaintiff Atachbarian*

**THEGRANTLAWFIRM, PLLC**

Lynda J. Grant
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel:  212-292-4441
Fax: 212-292-4442
Email:  lgrant@grantfirm.com

**STULL STULL & BRODY**

Howard T. Longman
6 East 45th Street—5th Floor
New York, NY 10017
Tel: 212.687.7230
Fax:  212.490.2022
Email:  hlongman@ssbny.com

*Attorneys for Plaintiff Atachbarian*