**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SERVICE LAMP CORPORATION PROFIT SHARING PLAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-22202-KMM |
| Plaintiff, | Judge K. Michael Moore |
| vs. | CLASS ACTION |
| CARNIVAL CORPORATION, ARNOLD W. DONALD, and DAVID BERNSTEIN, | ORAL ARGUMENT REQUESTED |
| Defendants. | |
| JOHN P. ELMENSDORP, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-22319-KMM |
| Plaintiff, | Judge K. Michael Moore |
| v. | |
| CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, | |
| Defendants. | |
| ABRAHAM ATACHBARIAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:20-cv-23011-RNS |
| Plaintiff, | Judge Robert N. Scola |
| v. | |
| CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, | |
| Defendants. | |

**ROY AND JOAN MCCARROLL'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF THEIR SELECTION
OF LEAD COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS**

Lead plaintiff movants Roy and Joan McCarroll (the "McCarrolls") respectfully submit

this reply memorandum of law in further support of their motion for consolidation of the related

actions, appointment as lead plaintiffs, and approval of their selection of counsel, and in further

opposition to the competing lead plaintiff motions.[1]

**PRELIMINARY STATEMENT**

Under the PSLRA, the McCarrolls are the presumptive lead plaintiffs here because they

have the largest financial interest of any movant who satisfies Rule 23's typicality and adequacy

requirements.  The Funds have not come close to offering the necessary "proof" (*see* 15 U.S.C. §

78u-4) to rebut the "strong" presumption in the McCarrolls' favor.  Accordingly, the McCarrolls'

motion should be granted, and all other motions should be denied.

The Funds raise only one argument – in a footnote – against the McCarrolls, which does

not rebut the strong presumption in the McCarrolls' favor.  Namely, the Funds claim without any

support that the McCarrolls did not provide enough information about themselves to serve as lead

plaintiff here.  That argument is meritless.  The law is clear that *prima facie* adequacy, which is all

that is required at this stage, is demonstrated by showing that a movant has: (i) a substantial

financial interest in the action; (ii) no apparent conflicts with the Class; and (iii) has selected

---

[1] The only competing motion remaining was filed by New England Carpenters Pension Fund, New England Carpenters Guaranteed Annuity Fund, Massachusetts Laborers' Pension Fund, and Massachusetts Laborers' Annuity Fund (collectively, the "Funds").  Joseph Fuscaldo did not file an opposition brief, and, given his comparatively low financial interest, is presumed to have withdrawn. *Teran v. Subaye, Inc.*, 11 CIV. 2614 NRB, 2011 WL 4357362, at *2 (S.D.N.Y. Sept. 16, 2011) (where competing lead plaintiff movant failed to file an opposition or reply, that movant's motion was deemed abandoned).  All other movants have filed non-oppositions to the competing motions.  Otherwise undefined terms have the definitions set forth in the McCarrolls' opening brief.

experienced counsel to represent the Class. *See Mulvaney v. Geo Group, Inc.*, 16-CV-81494, 2016 WL 10519276, at *2 (S.D. Fla. Nov. 21, 2016) ("[t]he Eleventh Circuit has instructed that adequacy of representation is primarily based on 'the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the ... class' and 'whether plaintiffs have interests antagonistic to those of the rest of the class.'"). The McCarrolls (unlike the Funds) handily satisfy each of these adequacy requirements. Indeed, the Funds have not argued otherwise.

Additionally, the McCarrolls have provided the Court with additional biographical details about themselves that militate strongly in favor of their appointment. Courts have repeatedly found that the exact information the McCarrolls provided – their identities, their relationship status (a married couple), their geography (Alabama), and their investing experience and sophistication (20 years) – is more than sufficient to meet Rule 23's *prima facie* adequacy requirements. *See infra* at 5-6. Thus, the Funds' sole argument against the McCarrolls – a bald claim that more information about them is required – falls flat. Moreover, the one case cited by the Funds, *In re Boeing Company Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. 2019), only further highlights the weakness of their argument because the movant there submitted less information than the McCarrolls did and, unlike here, there were also serious questions about the accuracy of that movant's submission. *Id.* at *4. In light of the foregoing, the Funds do not come close to providing the necessary "proof" to overcome the McCarrolls' presumptive lead plaintiff status.[2]

The Funds, in stark contrast, suffer from a debilitating conflict with other Class members and, thus, fail to satisfy their own Rule 23 requirements and are not entitled to the PSLRA's strong

---

[2] To the extent the Funds add new arguments against the McCarrolls in their reply, those arguments should not be permitted as they are deemed waived. *Bruhl v. PricewaterhouseCoopers Intl., Ltd.*, 03-23044-CIV, 2006 WL 8431886, at *3 (S.D. Fla. Apr. 3, 2006) (refusing to consider new arguments raised for the first time on reply).

presumption.  Indeed, as detailed at length in the McCarrolls' opposition (ECF 31), the Funds sold out their Carnival stock on March 18, 2020 – before four of the seven alleged disclosures in the Actions, including the watershed April 16, 2020 partial disclosure and the  May 1, 2020 final disclosure that are distinctly at the heart of these Actions and very different from the earlier partial disclosures.  The alleged pre-April 16 partial disclosures revealed that Carnival passengers from three different ships had fallen ill or died as a result of COVID; in contrast, the alleged April 16, 2020 partial disclosure revealed for the first time in detail how Carnival actually downplayed the effects of COVID on the Company's ships.  The May 1, 2020 final corrective disclosure continued to build on this news by revealing additional detail about how Carnival downplayed the impact of COVID.  The Funds have no incentive to prove that any post-March 18, 2020 corrective disclosure – including the pivotal April 16 and May 1 disclosures – revealed new information to the market about the alleged fraud because they did not lose money in connection with any of the four post-March 18, 2020 disclosures.  Thus, the Funds suffer from a conflict of interest with Class members who sustained damages from any of these disclosures.  Courts have found lead plaintiff movants atypical and inadequate in analogous circumstances.  *See* Opp. at 5-10.  The mere fact that the Funds are institutional investors does not immunize them from these serious impediments.

Equally troubling, the only disclosures that the Funds did lose money on are the ones that their own counsel included by filing the second complaint in these Actions – the Funds otherwise would have had no losses whatsoever and thus no opportunity to seek a leadership appointment. At this stage, the broadest case is certainly in the best interest of the Class; nevertheless, for Rule 23 purposes, the Court should still examine the circumstances that have allowed the Funds – who initially had no financial interest – to assert the largest financial interest in these Actions.  After all, the goal of the PSLRA is to ensure the right fiduciary is appointed for the Class. *See generally*

*In re Pfizer Inc. Securities Litig.,* 233 F.R.D. 334, 337 (S.D.N.Y. 2005) ("One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation.").

Furthermore, the Funds also liquidated their Carnival stock completely before many of Defendants' misstatements. As a result, the Funds are subject to a unique defense that they have no standing to allege such later statements were misleading because they owned no Carnival stock at the time. Courts have rejected such lead plaintiff movants. *See* Opp. at 11.

The McCarrolls suffer from none of the aforementioned problems affecting the Funds. In fact, the McCarrolls suffered losses in connection with every alleged corrective disclosure. *See* Opp. at 3. Further, they have every incentive to vigorously represent the interests of all Class members. The McCarrolls are also not subject to a unique defense that they lack standing to litigate alleged post-March 18, 2020 misstatements (including any such statements added in an amended complaint) because they bought Carnival shares during the Class Period and held 20,550 of them through May 1, 2020, the last day of the current operative Class Period.

Prior to the filing of oppositions, counsel for the McCarrolls raised their concerns to counsel for the Funds and attempted to work together on these Actions – the Funds had no interest.

Accordingly, the McCarrolls respectfully request that the Court appoint them as Lead Plaintiffs for the Class, approve their selection of Lead Counsel, and deny all competing motions. Alternatively, the McCarrolls respectfully request that at a minimum they should be appointed as Co-Lead Plaintiffs with the Funds to protect the interests of Class members who lost money after March 18, 2020.

## ARGUMENT

I.  **THE COURT SHOULD APPOINT THE MCCARROLLS AS LEAD PLAINTIFFS**

   **A. The McCarrolls Are the Presumptive Lead Plaintiffs Because They Have the Largest Financial Interest of Movants Who Satisfy Rule 23**

4

As discussed in their Opposition, the McCarrolls are the presumptive lead plaintiffs under the PSLRA because they have the largest financial interest of movants who satisfy Rule 23. *See* Opp. at 4-5. In addition to their substantial financial interest, the McCarrolls are more than adequate to serve as lead plaintiffs – in fact, they are the best fit here because unlike the Funds they suffered losses from every alleged corrective disclosure and have standing to allege claims based on all alleged misstatements and any statements added to an amended complaint. *See* Opp. at 5. Thus, the McCarrolls' interests are aligned with the interests of all Class members in maximizing a recovery on all corrective disclosures and on all alleged misstatements. *See Biver v. Nicholas Fin., Inc.*, 8:14-CV-250-T-33TGW, 2014 WL 1763211, at *6 (M.D. Fla. Apr. 30, 2014) (movants satisfy adequacy where there was no evidence of any antagonism between the movants' interest and those of any other members of the class).

## II.   THE FUNDS HAVE NOT COME CLOSE TO OFFERING THE NECESSARY "PROOF" THAT THE MCCARROLLS DO NOT SATISFY RULE 23

To rebut the McCarrolls' strong presumptive lead plaintiff status, competing movants must offer "proof" that the McCarrolls do not satisfy Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Funds have offered no such proof.

The law is clear that *prima facie* adequacy, which is all that is required at this stage, is demonstrated by showing that a movant has: (i) a substantial financial interest in the action; (ii) no apparent conflicts with the Class; and (iii) has selected experienced counsel to represent the Class. *Mulvaney*, 2016 WL 10519276, at *2; *see also Salinger v. Sarepta Therapeutics, Inc.,* 19-CV-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019). The McCarrolls have handily demonstrated *prima facie* adequacy here as they have a substantial financial interest ($660,166); they have no conflicts with the Class – to the contrary, they suffered losses from all alleged corrective disclosures, including the critical April and May 2020 disclosures; and they have

selected experienced counsel to represent the Class. *See* Mot. at 8-13. Not even the Funds have contested that these requirements have been met. In addition, the McCarrolls have also provided the Court with biographical details about themselves that also militate strongly in favor of their appointment.

The Funds claim without any meaningful support that the information the McCarrolls provided about themselves (who they are, their residence, and their investment experience and sophistication) is somehow not enough, but courts have repeatedly found otherwise. For example, in the recent *Kasilingam v. Tilray, Inc.*, 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) action, movant Saul Kassin provided his age, residence, and business and investment experience. *Id*. at *3. Competing movants argued that this information was insufficient. *Id*. The court disagreed, noting that "the Court is not required to peer into these questions where it otherwise finds adequacy." Likewise, here, there is no need for this Court to "peer into" the McCarrolls or their 20 years of investment experience when the McCarrolls are otherwise adequate. *See also Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25 (E.D.N.Y. 2019) (appointing lead plaintiffs who provided information about their "status as a married couple" and their residence). Accordingly, there is no merit to the Funds' argument whatsoever.

Moreover, the Funds only cite one case in support of their argument, *In re Boeing Company Aircraft Sec. Litig.*, 2019 WL 6052399 (N.D. Ill. 2019). But *Boeing* was very different and only further demonstrates the weakness of their argument here. In *Boeing*, lead plaintiff movants the Wang family – who the court noted was supposedly of modest means – provided only their residence. *Id*. at *5. But that was not the real issue. The real issue was that the Wangs supposedly bought a staggering $40 million in Boeing stock during the class period in what the court characterized as a "frenzy" of purchases amounting to more than all but 1% of institutional

investors. *Id*. at *4. In addition, the Wangs' purchases stopped abruptly the day before the first action was filed. *Id*. at *1. The court noted that "[t]his transaction history is sufficiently quirky to prompt concern that there may be some explanation for the Wangs' frenzy of purchases beyond the sudden onset of intense confidence in Boeing's prospects." *Id.* at *4. Thus, the court found that in those unusual circumstances, providing the Wangs' residence was insufficient.

*Boeing* only shows how different the facts are here. First, the Wangs failed to offer any information on sophistication – which the McCarrolls have done. *See* Opp. at 5 (the McCarrolls have 20 years of investing experience). Second, there are no serious questions here with the accuracy of the McCarrolls' submission as there were for the Wangs in *Boeing*. In sum, *Boeing* has no bearing on the McCarrolls' motion.

The Funds make other related and also unavailing arguments. The Funds wrongly suggest that a declaration or prior PSLRA experience (*see* Funds Opp. at 9) is necessary, but there are no such requirements to serve as lead plaintiff. *See Salinger*, 2019 WL 6873807, at *3 (appointing individual plaintiff who did not provide a declaration).[3] The Funds' prior PSLRA experience argument is likewise absurd because, if accepted, no movant would ever be able to serve in their first case. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).[4]

---

[3] Declarations are generally only required when groups move for lead plaintiff. For individuals (or a married couple like the McCarrolls), signed certifications are sufficient. *Cf. Pritchard v. Apyx Med. Corp.*, No. 8:19-CV-919-T-24AEP, 2019 WL 9093486, at *2 (M.D. Fla. July 16, 2019) (appointing a movant who "signed a certification expressing his willingness to vigorously prosecute this action…. Movant has stepped forward to assume the role of lead plaintiff with the largest financial interest in this litigation, and he has the incentive and ability to effectively manage and supervise the present litigation on behalf of the class"); *Baldwin v. Net 1 UEPS Techs., Inc.*, 19-CV-11174 (PKC), 2020 WL 1444937, at *3 (S.D.N.Y. Mar. 25, 2020).

[4] The Funds' status as institutional investors are meaningless in these circumstances because the Funds cannot satisfy the Rule 23 requirements.

### III.    THE FUNDS CANNOT SERVE AS LEAD PLAINTIFF

As argued in the McCarrolls' Opposition, unlike the McCarrolls, the Funds are subject to serious Rule 23 impediments that render them unfit to serve as lead plaintiff. ***First and foremost, the Funds sold all their Carnival stock before over half – four of seven – alleged corrective disclosures***. Courts have found such movants atypical and inadequate and have denied their motions to serve as lead plaintiffs. Opp. at 5-10. Indeed, the issue is particularly serious here because the April 16, 2020 and May 1, 2020 disclosures are at the heart of this case and are significantly different than the earlier corrective disclosures. *See id*. at 6-7. Second, the Funds are subject to a unique defense that they lack standing to allege misstatements made after they liquidated their stock. *See id*. 10-12. There is simply no reason to jeopardize the interests of the Class by appointing the Funds as lead plaintiff – particularly where the McCarrolls lost a substantial amount of money from their Carnival investments ($660,166); lost money after all seven alleged corrective disclosures; and have standing to assert all alleged misstatements as well as any statements that will be added in the future amended complaint.

In addition, the only disclosures that the Funds did lose money on are the ones that their own counsel included by filing the second complaint in these Actions – the Funds otherwise would have had no losses whatsoever and no opportunity to seek a leadership appointment. Although the longest class period is operative on this motion, the circumstances that created the Funds' financial interest is still relevant to the Funds' attempt to serve as lead plaintiff.

### IV.    ALL OTHER COMPETING MOTIONS SHOULD BE DENIED

As demonstrated in their Opposition, the McCarrolls have the largest financial interest of qualified movants, they have made a *prima facie* showing of their typicality and adequacy, and there is no proof to rebut their showing of typicality and adequacy. Accordingly, the Court should appoint the McCarrolls as lead plaintiffs and deny all competing motions.

V.      AT A MINIMUM, THE MCCARROLLS SHOULD BE APPOINTED AS CO-LEAD PLAINTIFFS

As argued in their Opposition, should the Court not appoint the McCarrolls as the sole lead plaintiffs, at the very least, appointing them as co-lead plaintiffs would provide critical insurance for Class members who bought Carnival stock after March 18, 2020 or held Carnival stock at the time of one of the last three alleged corrective disclosures. *See* Opp. at 4, 13.   Courts have recognized the benefits of diverse leadership – particularly that of mixing institutional investors like the Funds and individual investors like the McCarrolls. *See* Opp. at 12.[5]

**CONCLUSION**

For the foregoing reasons and those given in their earlier submissions, the McCarrolls respectfully request that the Court issue an Order: (i) consolidating the above-captioned actions; (ii) appointing the McCarrolls as Lead Plaintiff for the Class; (iii) approving the McCarrolls' selection of Bernstein Liebhard as Lead Counsel for the Class and MM&H as Liaison Counsel to the Class; or, alternatively, appointing the McCarrolls as co-lead plaintiff.

---

[5] If the McCarrolls are appointed as Co-Lead Plaintiffs, their chosen counsel likewise should be appointed as Co-Lead Counsel.  By raising the issues affecting the Funds now, undersigned counsel has acted in the best interests of the Class and they will continue to do so if appointed in these Actions.  In contrast, there is simply no need for the multiple law firms the Funds seek to have the Court approve as co-lead counsel while leaving a swath of Class members unprotected by the conflict of interest afflicting the Funds.

DATED:  August 17, 2020

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Etan Mark*
      Etan Mark, Esq.
      Florida Bar No. 720852
      etan@markmigdal.com
      Daniel S. Maland, Esq.
      Florida Bar No. 114932
      daniel@markmigdal.com
      eservice@markmigdal.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein, Esq.
Laurence J. Hasson, Esq.
Joseph R. Seidman
Matthew E. Guarnero, Esq.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
lhasson@bernlieb.com
seidman@bernlieb.com
mguarnero@bernlieb.com

*Counsel for Lead Plaintiff Movants Roy and Joan McCarroll and Proposed Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2020, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

<i>/s/ Etan Mark</i>
Etan Mark, Esq.