**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Case No. 1:20-cv-22202-KMM <br><br> <u>CLASS ACTION</u> |
| ABRAHAM ATACHBARIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, <br><br> Defendants. | Case No. 1:20-cv-23011-KMM <br><br> <u>CLASS ACTION</u> |

**THE NEW ENGLAND CARPENTERS PENSION AND GUARANTEED ANNUITY FUNDS' AND THE MASSACHUSETTS LABORERS' PENSION AND ANNUITY FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO ABRAHAM ATACHBARIAN'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL OF AN OPTIONS CLASS OR SUBCLASS</u>**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND............................................................................................. 3

ARGUMENT .............................................................................................................................. 6

      A.    *Atachbarian* Should Be Consolidated And Atachbarian's Lead
              Plaintiff Motion Should Be Denied .................................................................. 6

      B.    New England Carpenters And Massachusetts Laborers Have The
              Largest Financial Interest And Are Entitled To Appointment As
              Lead Plaintiff ................................................................................................... 8

      C.    Atachbarian's Lead Plaintiff Motion Is An Improper End-Run
              Around The PSLRA-Mandated Lead Plaintiff Selection Process .......................... 9

      D.    Atachbarian's Lead Plaintiff Motion Should Be Denied As
              Untimely ........................................................................................................ 12

CONCLUSION.......................................................................................................................... 13

## TABLE OF AUTHORITIES

CASES                                                                                                                    PAGE(S)

*In re Bank of Am. Corp. Sec., Derivative & Emp't Ret. Income Sec. Act (ERISA) Litig.*,
2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010)...................................................................7, 11, 12

*In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig.*,
2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012)...........................................................................12

*Blue Chip Stamps v. Manor Drug Stores*,
421 U.S. 723 (1975)...............................................................................................................7

*In re CenturyLink Sales Practices & Sec. Litig.*,
2018 WL 1902725 (D. Minn. Apr. 20, 2018)...........................................................................7

*Cheney v. Cyberguard Corp.*,
213 F.R.D. 484 (S.D. Fla. 2003).............................................................................................13

*Constance Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................12

*Fishbury, Ltd. v. Connetics Corp.*,
2006 WL 3711566 (S.D.N.Y. Dec. 14, 2006) ........................................................................12

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................................10

*Hall v. Medicis Pharm. Corp.*,
2009 WL 648626 (D. Ariz. Mar. 11, 2009)............................................................................10

*Hedick v. Kraft Heinz Co.*,
2019 WL 4958238 (N.D. Ill. Oct. 8, 2019).............................................................................11

*Hevesi v. Citigroup, Inc.*,
366 F.3d 70 (2d Cir. 2004).......................................................................................3, 9, 11, 12

*Kabak v. Betcon, Dickinson & Co.*,
2020 WL 3056281 (D.N.J. June 9, 2020) ...............................................................................12

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015).....................................................................................12

*Lax v. First Merchs. Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...........................................................................13

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
2014 WL 2604991 (N.D. Cal. June 10, 2014).........................................................................8

ii

*Miller v. Dyadic Int'l, Inc.*,
   2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) ...................................................................8, 13

*Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
   2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ......................................................................13

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................8, 11, 12

*In re The Boeing Co. Aircraft Sec. Litig.*,
   2019 WL 5849466 (N.D. Ill. Nov. 15, 2019) ......................................................................12

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   2018 WL 5849466 (D.N.J. Nov. 7, 2018) ........................................................................7, 11

*In re XM Satellite Radio Holdings Sec. Litig.*,
   237 F.R.D. 13 (D.D.C. 2006)...............................................................................................12

**STATUTES**

15 U.S.C. 78u-4(a)(3) .................................................................................................. *passim*

15 U.S.C. § 78c(a)(10)...............................................................................................................7

Presumptive Lead Plaintiff New England Carpenters and Massachusetts Laborers respectfully submit this memorandum of law in opposition to the motion filed by Abraham Atachbarian ("Atachbarian") for appointment as Lead Plaintiff on behalf of an options class (ECF No. 39).[1]

## PRELIMINARY STATEMENT

Atachbarian's motion for appointment as Lead Plaintiff should be rejected because it is an improper end-run around the PSLRA's lead plaintiff provisions. More than two months ago, on July 27, 2020, after dozens of notices had been published alerting investors in Carnival "securities" of the statutory deadline to file a motion seeking appointment as Lead Plaintiff—including at least 16 notices that specifically noted that the action involved claims on behalf of Carnival "options" investors—New England Carpenters and Massachusetts Laborers and five other Carnival investors timely filed motions seeking Lead Plaintiff appointment. Since then, each of the five competing movants have either withdrawn their applications or otherwise conceded that New England Carpenters and Massachusetts Laborers should be appointed as Lead Plaintiff. Accordingly, New England Carpenters' and Massachusetts Laborers' motion is now unopposed.

Atachbarian did not timely seek appointment on the July 27, 2020 statutory deadline. Instead, he filed his own action in which he sought to represent a subset of investors in Carnival "securities"—options traders—and purported to set a "new" lead plaintiff deadline for those options investors to seek appointment as Lead Plaintiff for these "niche" claims. New England

---

[1] New England Carpenters and Massachusetts Laborers assert the largest financial interest in the related *Carnival* actions, and their application for appointment as Lead Plaintiff is unopposed. ECF No. 38 (notice of non-opposition by last remaining competing movant). Unless otherwise noted, all references to "ECF No. __" are to *Service Lamp*, all capitalized terms are defined in New England Carpenters' and Massachusetts Laborers' opening brief (ECF No. 23-1), all internal citations are omitted, and all emphasis is added.

Carpenters' and Massachusetts Laborers' July 27, 2020 motion sought to consolidate Atachbarian's action with the other related cases against Carnival (*Service Lamp* and *Elmensdorp*). Then, on September 21, 2020—nearly two months after the properly noticed statutory deadline— Atachbarian belatedly filed a motion asking the Court that he be appointed as "co-lead plaintiff" to represent the niche subclass of Carnival options traders identified in his complaint.  Notably, Atachbarian was the only investor to file such a motion on the new deadline he purported to set.

Atachbarian's attempt to manufacture a role for himself and his counsel by claiming that separate leadership is required to represent options investors is improper and should be denied. First, *Atachbarian* should be consolidated with *Service Lamp* and *Elmensdorp* because it alleges virtually identical claims against the same defendants for the same misconduct during the same time period on behalf of the same Carnival investors—*i.e.*, investors in Carnival "securities." Indeed, the PSLRA requires that related actions be consolidated before the appointment of a Lead Plaintiff, and Atachbarian concedes that consolidation is appropriate here.  ECF No. 39-1 at 1.

Further, as Atachbarian also largely concedes, New England Carpenters and Massachusetts Laborers possess the largest financial interest in the consolidated action.  Specifically, New England Carpenters and Massachusetts Laborers suffered losses of approximately $5.7 million, a financial interest that is more than ***62 times*** larger than the $91,737 loss claimed by Atachbarian. *See* 15 U.S.C. 78u-4(a)(3)(B)(iii)(I).  Thus, New England Carpenters and Massachusetts Laborers are the presumptive Lead Plaintiff.

Nevertheless, Atachbarian claims that he and his counsel should be entitled to a leadership role to represent options investors because New England Carpenters and Massachusetts did not themselves trade in options.  But courts have overwhelmingly rejected the notion that the Lead Plaintiff have standing to assert every claim.  Rather, courts routinely deny requests by "niche"

investors like Atachbarian to carve out a separate class and splinter the leadership of securities class action litigation as fundamentally incompatible with the PSLRA, which was intended to empower a single Lead Plaintiff with the authority to manage the litigation "as a whole." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004). Atachbarian offers absolutely no basis to depart from this well-settled precedent, and his filings exemplify the kind of lawyer-driven litigation the PSLRA sought to end. Indeed, if Atachbarian's argument is accepted, every securities case would give rise to a sprawling ecosystem of cases where multiple investors demand separate leadership based on the type of security purchased. His motion should be denied.

**PROCEDURAL BACKGROUND**

This litigation commenced with the filing of the *Service Lamp* action on May 27, 2020. ECF No. 1. Pursuant to the PSLRA's requirements, timely notice of the *Service Lamp* action was published on May 27, 2020, informing investors that "purchased Carnival *securities* during the class period" of the July 27, 2020 deadline to file a motion seeking appointment as Lead Plaintiff. ECF No. 23-6.

On June 3, 2020, a substantially similar securities class action, the *Elmensdorp* action, was filed in this District. *Elmensdorp*, ECF No. 1. That same day, counsel for plaintiff in the *Elmensdorp* action published a notice reiterating the July 27, 2020 deadline for investors in Carnival "*securities*" to seek to be appointed as Lead Plaintiff. ECF No. 23-7. On July 6, 2020, this Court consolidated the *Elmensdorp* action with the *Service Lamp* action, upon finding that the actions share "common questions of fact." ECF No. 10.

On July 21, 2020, *Atachbarian* was filed in this District, asserting nearly identical claims as those alleged in *Service Lamp* and *Elmensdorp* on behalf of investors "who sold put option contracts or purchased call options for the shares of Carnival common stock." *Atachbarian*, ECF

3

No. 1 ¶15.  On July 23, 2020, Atachbarian's counsel published a notice, purportedly establishing a separate September 21, 2020 lead plaintiff deadline for Carnival options traders.  ECF No. 23-8.

Since the filing of the *Service Lamp* complaint, over 90 notices were published informing investors in Carnival "securities" to seek appointment as Lead Plaintiff—including at least *16 notices* that specifically identified investors in "Carnival stock or *options*"—by the July 27, 2020 statutory deadline.[2]  By contrast, no other press release or notice—other than the one published by Atachbarian's counsel—identified the improper September 21, 2020 deadline he purported to establish.

On July 27, 2020, New England Carpenters and Massachusetts Laborers and five other movants timely filed motions seeking appointment as Lead Plaintiff and consolidation of *Atachbarian* with the previously consolidated actions.  ECF Nos. 17, 18, 20, 21, 23, 25.  Notably, the movants that timely sought to be appointed Lead Plaintiff explicitly described the class as including options investors, stating, for example, that the class included "all persons and entities who sold put option contracts or purchased call options for the shares of Carnival common stock." *See, e.g.*, ECF No. 20 at 1; ECF No. 21 at 1.  Atachbarian did not file a motion seeking Lead Plaintiff appointment on the statutory deadline but instead submitted a letter contending that Atachbarian had filed a related action on behalf of options traders, and that Carnival options investors had until September 21, 2020 to move for Lead Plaintiff appointment based on the notice his counsel published.  ECF No. 19 at 1.  Atachbarian stated that he would oppose consolidation

---

[2] Declaration of Zachary S. Bower in Support of the New England Carpenters Pension and Guaranteed Annuity Funds' and the Massachusetts Laborers' Pension and Annuity Funds' Memorandum of Law in Opposition to Abraham Atachbarian's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel of an Options Class or Subclass (the "Bower Decl."), Exs. A-B.

of his action with the previously consolidated actions until a separate lead plaintiff was appointed to represent the "niche" options class he attempted to carve out of this case. *Id.*

On August 10, 2020, New England Carpenters and Massachusetts Laborers filed their opposition brief reiterating the basis for consolidation, and demonstrating that Atachbarian's notice was improper and should be vacated. ECF No. 32 at 10-16.[3] Atachbarian filed a brief in opposition to the consolidation sought by all six lead plaintiff movants. Specifically, Atachbarian argued that—despite the PSLRA's unequivocal directive that a decision concerning consolidation be made **prior** to the appointment of a Lead Plaintiff (*see* 15 U.S.C. § 78u-4(a)(3)(B)(ii))—the Court should wait to consolidate *Atachbarian* with the previously consolidated actions to enable him to secure a separate leadership role for the case he filed. ECF No. 30. Importantly, Atachbarian in fact agreed the consolidation of his case is required, conceding that *Atachbarian* "should at some point be consolidated." *Id.* at 9 n.6.[4] Following full briefing of the timely-filed motions, New England Carpenters' and Massachusetts Laborers' motion for appointment as Lead Plaintiff is now unopposed, and they are the presumptive Lead Plaintiff.

On September 21, 2020—nearly two months after the PSLRA's lead plaintiff deadline expired—Atachbarian filed a motion seeking appointment as Lead Plaintiff in *Atachbarian*, the only investor to file such a motion on the deadline that Atachbarian improperly noticed.

---

[3] Defendants also filed a brief in support of the motions to consolidate *Atachbarian* with *Service Lamp* and *Elmensdorp*. ECF No. 27 at 1-2 (arguing that "consolidation is appropriate because the Consolidated Action and the *Atachbarian* Action contain substantially similar factual allegations and legal theories" and opposing Atachbarian's contention that his purported options class must be separately maintained).

[4] On August 17, 2020, New England Carpenters and Massachusetts Laborers filed a reply demonstrating that Atachbarian's opposition to consolidation and request for separate leadership for options investors is contrary to the PSLRA and the overwhelming case law denying requests to splinter the leadership of securities class actions (ECF No. 34 at 8-10), while Atachbarian further advanced his argument for delayed, "conditional" consolidation (ECF No. 33 at 6-7).

## **ARGUMENT**

Atachbarian belatedly claims that his appointment as a "co-lead plaintiff" is somehow needed to protect the interests of investors who traded Carnival put and call options.  This argument contradicts the overwhelming weight of authority holding that a single Lead Plaintiff should be appointed to represent the Class and should be rejected as a lawyer-driven attempt to wrest control from the presumptive Lead Plaintiff.

**A.**    ***Atachbarian* Should Be Consolidated And Atachbarian's Lead Plaintiff Motion Should Be Denied**

Atachbarian's options action should be consolidated with the related *Carnival* actions, and his Lead Plaintiff motion denied. The PSLRA requires the Court to consider any motion for consolidation prior to ruling on a Lead Plaintiff motion if, as is the case here, "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Consolidation of the above-captioned actions is appropriate because each action presents virtually identical factual and legal issues in connection with claims under Sections 10(b) and 20(a) of the Exchange Act brought on behalf of investors in Carnival securities over the same time period against the same defendants alleging the same or similar alleged misstatements concerning Carnival's health and safety compliance failures, Carnival's role in facilitating the transmission of the COVID-19, and the Company's violations of port-of-call regulations.  The Court has already consolidated *Elmensdorp* with *Service Lamp*, finding that the cases have "common questions of fact." ECF No. 10.  *Atachbarian* involves the same common questions of fact and should similarly be consolidated with *Service Lamp* and *Elmensdorp*.  In fact, the only "difference" between *Atachbarian* and the previously consolidated

6

actions is no difference at all—as *Atachbarian* alleges claims on behalf of options investors, which is simply a subset of the Carnival "securities" investor classes in *Service Lamp* and *Elmensdorp*.[5]

In fact, Atachbarian concedes that the Court should consolidate his action with *Service Lamp* and *Elmensdorp* but instead asks—contrary to the PSLRA's statutory requirements—that the Court first consider his application for appointment as Lead Plaintiff of a "niche" options subclass. ECF No. 39-1 at 10. This Court should reject Atachbarian's gamesmanship. There is no basis to depart from the PSLRA's sequential process here, particularly where Atachbarian concedes that his action "should be consolidated at some point."

Indeed, courts routinely consolidate securities class actions filed by investors with "niche" claims or securities, like Atachbarian, recognizing that the PSLRA requires courts to appoint the investor with the largest financial interest in the claims of the consolidated action as a whole. *See, e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2018 WL 5849466, at *6 (D.N.J. Nov. 7, 2018) (denying options investor's motion for relief from order consolidating action asserting claims on behalf of investors who purchased call options and/or sold put options); *In re Bank of Am. Corp. Sec., Derivative & Emp't Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980, at *2-3 (S.D.N.Y. Apr. 9, 2010) (consolidating actions brought on behalf of purchasers of options and debt securities because the related actions on behalf of equity purchasers "raise the same issues of fact and law" and noting that the options and debt investors "are free to pursue their claims as individual cases-but not as class actions"); *In re CenturyLink Sales Practices & Sec. Litig.*, 2018 WL

---

[5] The federal securities laws expressly define "securities" to include put and call options and other derivative instruments, and unquestionably include the call or put options on Carnival stock identified in *Atachbarian*. *See* 15 U.S.C. § 78c(a)(10) (defining "security" to include "any put, call, straddle, option, or privilege on any security"); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 751 (1975) ("puts, calls, options, and other contractual rights or duties to purchase or sell securities" are "securities for purposes of Rule 10b-5").

1902725, at *4 (D. Minn. Apr. 20, 2018) (consolidating actions and noting "the weight of the case law is that securities cases should be consolidated under a single lead plaintiff even when the cases involve different types of securities").

Not surprisingly, Atachbarian does not cite a single case in which a court departed from the sequential process required by the PSLRA to defer a decision on consolidation in order to first entertain a "niche" investor's request for a separate leadership role.

**B.     New England Carpenters And Massachusetts Laborers Have The Largest Financial Interest And Are Entitled To Appointment As Lead Plaintiff**

Under the PSLRA, following consolidation of related actions, the Court must appoint the person or group of persons asserting the "largest financial interest" in the consolidated action that also satisfies the relevant requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *3 (S.D. Fla. Apr. 18, 2008) (the PSLRA "creates a presumption . . . that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23").

Here, New England Carpenters' and Massachusetts Laborers' losses of approximately $5.7 million are ***over 62 times*** larger than Atachbarian's claimed loss of $91,737.[6]  *Compare* ECF No. 23-4 (New England Carpenters' and Massachusetts Laborers' losses) *with* ECF No. 39-2, Exhibit C (Atachbarian's claimed loss).[7]   Moreover, New England Carpenters and Massachusetts

---

[6] Under the PSLRA, the Court is to determine financial interest based upon the longest class period asserted.  *See Miller*, 2008 WL 2465286, at *4 (finding that "the longest, most inclusive class period is appropriate at this stage in the litigation because it encompasses more potential class members"); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs.").  Here, the broadest potential class period is September 26, 2019, through May 1, 2020.

[7] *See also Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) (denying options investor's motion to represent niche subset of investors who purchased and sold put and call options and noting that "the dollar amount and her 'financial interest' are minimal to the point of being *de minimis*" relative to competing institutional investor movants that purchased stock).

Laborers, whose motion for appointment as Lead Plaintiff is unopposed, have satisfied Rule 23's adequacy and typicality requirements, and there is no "proof" to rebut New England Carpenters' and Massachusetts Laborers' presumptive status as the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).

Atachbarian does not contest (nor can he) that New England Carpenters and Massachusetts Laborers possess the largest financial interest and are adequate and typical members of the class. Instead, he contends that New England Carpenters and Massachusetts Laborers only satisfy these requirements for a class of "common share and ADR purchasers." ECF No. 39-1 at 2. But the related actions assert claims on behalf of investors in all Carnival "securities"—including options. Rather, New England Carpenters and Massachusetts Laborers plainly possess the largest financial interest in the relief sought by the class as articulated in the filed complaints. And even Atachbarian's motion concedes he lacks the largest financial interest if the actions are consolidated, as they must be.

**C.     Atachbarian's Lead Plaintiff Motion Is An Improper End-Run Around The PSLRA-Mandated Lead Plaintiff Selection Process**

At bottom, Atachbarian's motion is an improper end-run around the PSLRA's lead plaintiff provisions. The relief that he requests—*i.e.*, the appointment of Atachbarian and his counsel to represent a niche subset of Carnival investors—is contrary to the PSLRA and the overwhelming authority interpreting it, and would undermine the authority of the Lead Plaintiff ultimately appointed by the Court. *See Hevesi*, 366 F.3d at 82 n.13 (appointing a separate lead plaintiff to assert niche claims "would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole"). Indeed, courts have recognized that the appointment of niche lead plaintiffs to represent separate subclasses "would only serve to fracture the leadership and drive up attorneys

9

fees."  *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006) (refusing to appoint niche lead plaintiffs).

While failing to distinguish the overwhelming case law rejecting similar requests by "niche" investors and options traders in particular, Atachbarian claims that he is entitled to special treatment here because options investors did not receive adequate notice of the pendency of this action and the July 27, 2020 lead plaintiff deadline, and because New England Carpenters and Massachusetts Laborers did not themselves invest in options.  Both of these arguments are wrong.

First, investors who traded Carnival options are already members of the class defined in *Service Lamp* and were on notice that the deadline for investors in Carnival "securities" to seek lead plaintiff appointment was July 27, 2020—including through the publication of at least 16 notices specifically identifying claims on behalf of investors in Carnival "options."  Bower Decl., Ex. B; *see also Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *5 (D. Ariz. Mar. 11, 2009) (rejecting argument that class of "securities" purchasers did not include options investors). Atachbarian's contention that options investors lacked adequate notice of the July 27, 2020 deadline or were excluded from the *Service Lamp* complaint is baseless.[8]  In fact, Atachbarian's arguments are belied by the fact the initial notices were sufficient to alert him to the existence of

---

[8] While Atachbarian complains that the filed complaints did not specifically identify claims on behalf of "*sellers* of put options"—as opposed to "purchasers" of other Carnival options—the notices here did not make the technical distinction Atachbarian manufacturers to justify the leadership role he seeks.  Rather, the notices made clear that the *Service Lamp* action implicated the rights of investors "in Carnival stock or **options**"—which would obviously include sellers of put options.  Bower Decl., Ex. B.  In any event, even if *Service Lamp* excluded sellers of put options (which it does not), that would not support the creation of a subclass now.  *See, e.g.*, *Valeant*, 2018 WL 5849466, at *6 (declining to appoint a separate lead plaintiff for options traders who argued that sellers of put options were not encompassed in the class of securities *purchasers*); *Goldman Sachs*, 274 F.R.D. at 476 (denying options investor's motion to represent a separate class of investors that purchased and sold put and call options and rejecting argument that presumptive lead plaintiff had "no financial incentive to litigate on behalf of the proposed options class").

the litigation and that no additional options investors have come forward after the publication of Atachbarian's notice purportedly clarifying the ability of options investors to participate in the litigation.

Second, Atachbarian's argument that separate leadership is required for options investors because New England Carpenters and Massachusetts Laborers did not themselves purchase those securities is contrary to the PSLRA. Indeed, it is axiomatic that a Lead Plaintiff need not have purchased every impacted security or have standing to sue on every possible cause of action. *See Hevesi*, 366 F.3d at 82 (because "the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim"). Consistent with the PSLRA, courts routinely reject requests like Atachbarian's to establish a separate leadership for investors with "niche" claims or securities. *See, e.g.*, *Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *9 (N.D. Ill. Oct. 8, 2019) (refusing to appoint a separate lead plaintiff to represent investors in put and call options, and futures contracts and explaining that "any conflict of interest [between investor classes] remains speculative and therefore does not justify separate representation"); *Valeant*, 2018 WL 5849466, at *6 (declining to appoint a separate lead plaintiff to represent investors who purchased call options and sold put options). There is no reason to depart from that precedent here.[9]

---

[9] *See also Kabak v. Betcon, Dickinson & Co.*, 2020 WL 3056281, at *3 (D.N.J. June 9, 2020) (appointing equity investor as lead plaintiff and rejecting options trader's "unavailing" arguments for separate leadership); *In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 5849466, at *11 (N.D. Ill. Nov. 15, 2019) (refusing to appoint options investor as a co-lead plaintiff); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 541 (S.D.N.Y. 2015) (holding options traders did not merit a subclass); *Bank of Am.*, 2010 WL 1438980, at *2 (consolidating actions and denying options investor's motion to represent a separate options class); *Fishbury, Ltd. v. Connetics Corp.*, 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) (refusing to appoint options trader as a co-lead plaintiff and rejecting purported conflicts between "stock-option purchasers" as "mere speculation

11

Rather, as Lead Plaintiff, New England Carpenters and Massachusetts Laborers will be vested the authority to represent claims on behalf of investors in Carnival "*securities*"—including options on Carnival stock—and charged with the responsibility of determining which claims to assert and, if necessary, identifying any "named plaintiffs" with standing to assert them.[10]

**D.      Atachbarian's Lead Plaintiff Motion Should Be Denied As Untimely**

Atachbarian's motion should also be denied because it is untimely.  The PSLRA imposes a strict deadline for class members seeking to serve as lead plaintiff.  Specifically, the PSLRA requires that all such lead plaintiff motions be filed "not later than 60 days after the date on which the notice [advising members of the purported plaintiff class] is published."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *3 (E.D. Tex. Aug. 31, 2017) ("[C]ompliance with the procedural requirements of the PSLRA is mandatory and should be strictly enforced."); *Miller*, 2008 WL 2465286, at *5 ("[T]he sixty (60) day filing deadline is a hard-and-fast rule with no room for subsequent supplementation or modification.").

---

about future standing or class certification issues"); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 20 (D.D.C. 2006) (denying options investor's motion to represent an options subclass and holding "[t]he fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect to the entire lawsuit under the PSLRA"); *Goldman Sachs*, 274 F.R.D. at 477 (denying options investor's motion to represent a separate class of investors that purchased and sold put and call options); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 325 (S.D.N.Y. 2004) ("the interests of [] option investors and shareholders are not sufficiently differentiated to require the appointment of a 'niche' lead plaintiff at this time").

[10] *See, e.g.*, *Hevesi*, 366 F.3d at 83 ("the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing the class"); *In re Bank of Am. Corp. Sec., Derivative, & Emp't Ret. Income Sec. Act (ERISA) Litig.*, 2012 WL 1308993, at *2 (S.D.N.Y. Apr. 16, 2012) ("the PSLRA vests lead plaintiffs with control over the litigation as a whole, including authority to name additional class plaintiffs to resolve standing concerns").  Of course, Atachbarian remains free to pursue his options claim individually if he has any disagreement with New England Carpenters and Massachusetts Laborers' prosecution of the claims in this case.  *See Bank of Am.*, 2010 WL 1438980, at *2-3.

12

Atachbarian's subsequent filing of a related action on behalf of a small subset of an existing class did not require the issuance of a new notice or otherwise extend the sixty-day deadline that expired on July 27, 2020. Rather, *Atachbarian* asserts identical claims against the same or overlapping defendants and time period, and present nearly identical legal and factual issues—the only difference is that *Atachbarian* specifies a class comprised of the subset of investors whose claims were previously asserted in *Service Lamp*. *See, e.g.*, *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) ("filing of subsequent actions . . . [does] not . . . start a new 60-day period for the filing of motions to appoint lead plaintiff or lead counsel") (brackets in original); *Adeptus Health*, 2017 WL 3780164, at *3 (where "potential plaintiffs in the [proposed new class] had adequate notice to file a motion for appointment as lead plaintiff" in connection with the initial action, "the appropriate time to respond was sixty days from the notice being published in the [initial] action"). Here, allowing the filing of the *Atachbarian* action to reset the sixty-day deadline would clearly "thwart the intent of the PSLRA, which was meant to have lead plaintiffs appointed as soon as practicable." *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).

The PSLRA deadline in this case expired on July 27, 2020, when New England Carpenters and Massachusetts Laborers and five other movants filed timely motions, but Atachbarian did not. *See* ECF Nos. 17, 18, 20, 21, 23, 25. Accordingly, the Lead Plaintiff motion filed by Atachbarian on September 21, 2020—nearly two months after the statutory deadline—is untimely and should be rejected. Atachbarian's motion should be denied.

## CONCLUSION

For the reasons stated herein and in their prior briefing, New England Carpenters and Massachusetts Laborers respectfully request that the Court: (1) appoint New England Carpenters

and Massachusetts Laborers as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz

and Kessler Topaz as Lead Counsel and Carella Byrne as Liaison Counsel for the Class; (3)

consolidate all related securities class actions pursuant to Rule 42(a); and (4) deny Atachbarian's

motion for appointment as Lead Plaintiff.

Dated: October 5, 2020

Respectfully submitted,

/s/ Zachary S. Bower
ZACHARY S. BOWER
Florida Bar No. 17506
**CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.**
Security Building
117 NE 1st Avenue
Miami, FL 33132-2125
zbower@carellabyrne.com
Tel: (973) 994-1700
Fax: (973) 994-1744

*Liaison Counsel for Proposed Lead Plaintiff New
England Carpenters and Massachusetts Laborers
and Proposed Liaison Counsel for the Class*

Hannah Ross
Avi Josefson
Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff New
England Carpenters and Massachusetts
Laborers and Proposed Lead Counsel for the
Class*

Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
**KESSLER TOPAZ MELTZER
   & CHECK, LLP**

14

280 King of Prussia Road
Radnor, PA 19087
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
Tel: (610) 667-7706
Fax: (610) 667-7056

*Counsel for Proposed Lead Plaintiff Massachusetts Laborers and Proposed Lead Counsel for the Class*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2020, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ Zachary S. Bower
ZACHARY S. BOWER
Florida Bar No. 17506
