**UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Case No. 1:20-cv-22202-KMM <br><br> <u>CLASS ACTION</u> |
| ABRAHAM ATACHBARIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> CARNIVAL CORPORATION, CARNIVAL PLC, ARNOLD W. DONALD, DAVID BERNSTEIN, and MICKY ARISON, <br><br> Defendants. | Case No. 1:20-cv-23011-KMM <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ABRAHAM ATACHBARIAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL OF AN OPTIONS CLASS OR SUBCLASS**

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................i

TABLE OF AUTHORITIES .......................................................................................................ii

PRELIMINARY STATEMENT................................................................................................ 1

ARGUMENT ............................................................................................................................. 4

    1.   Appointment of Atachbarian as Lead Plaintiff is Appropriate Under The PSLRA ....... 4

    2.   Atachbarian Has Largest Financial Interest in the Options Class or Subclass ............... 6

    3.   Atachbarian Did Not End-Run the PSLRA Selection Process ...................................... 6

    4.   The Atachbarian Motion Is Timely and Should Be Granted ........................................ 9

CONCLUSION .......................................................................................................................... 10

**TABLE OF AUTHORITIES**

<u>CASES</u>

*Boilermakers Nat'l Annuity Trust Fund v. Wamu Mortg. Pass*,
    No. C09-0037 MJP, 2009 U.S. Dist. LEXIS 123089 (W.D. Wa. Dec. 18, 2009)-------------5

*Cheney v. Cyberguard Corp.*,
    213 F.R.D. 484 (S.D. Fla. 2003) --------------------------------------------------------------- 10

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ---------------------------------------------------------------5

*Hedick v. Kraft Heinz Co.*,
    No. 19-cv-1339, 2019 U.S. Dist. LEXIS 174315 (N.D. Ill. Oct. 8, 2019) ---------------------9

*In re Bank of Am. Corp. Sec., Derivative, & ERISA Litigation*,
    No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799 (S.D.N.Y. Apr. 9, 2010) ------------6

*In re Boeing Co. Aircraft Secs. Litig.*,
    19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019) -----------------------9

*In re CenturyLink Sales Practices & Sec. Litig.*,
    No. 17-2795(MJD/KMM), 2018 U.S. Dist. LEXIS 66926 (D.Minn. Apr. 20, 2018) ---------6

*In re Valeant Pharms. Int'l, Inc. Secs. Litig.*,
    15-cv-7658 (MAS)(LHG), 2018 U.S. Dist. LEXIS 191439 (D.N.J. Nov. 7, 2018) -----------5

*Lax v. First Merchs. Acceptance Corp.*,
    Case No. 94 C 2716, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 15, 1997) -------------- 10

*Miller v. Dyadic Int'l., Inc.*,
    Case No. 07-80948-CIV0-DIMITROULEAS,
        2008 U.S. Dist. LEXIS 32271 (S.D. Fla. April 18, 2008)-------------------------------- 10

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
    Civil Action No. 4:17-CV-00449,
        2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017)-------------------------------9

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) ---------------------------------------------------------------5

ii

## PRELIMINARY STATEMENT

Movant Abraham Atachbarian ("Movant" or "Atachbarian") respectfully submits this Reply Memorandum of Law in Further Support of Motion of Abraham Atachbarian for Appointment as Lead Plaintiff and Approval of Lead Counsel of an Options Class or Subclass[1] and responds to arguments raised by The New England Carpenters Pension And Guaranteed Annuity Funds' and The Massachusetts Laborers' Pension And Annuity Funds' (collectively, "New England") in their Memorandum of Law in Opposition to Abraham Atachbarian's Motion For Appointment As Lead Plaintiff And Approval Of Lead Counsel Of An Options Class Or Subclass, ECF No. 40 (the "New England Op. Br.").[2]

New England incorrectly argues that the Atachbarian Motion is an "improper end-run around the PSLRA's lead plaintiff provision."  New England Op. Br. at 1 and 9. New England speculates that somehow recognizing Atachbarian's argument for separate representation, would result in a sprawling ecosystem of cases in which multiple investors demand separate leadership. *Id*. at 3.  That has not occurred. Ironically, New England makes that argument when New England itself is a lawyer driven group of two pension funds that seek appointment as lead plaintiffs and the appointment of three different law firms as lead and liaison counsel.  New England's arguments hold little sway.  At a minimum, the Court should appoint *one* of the two New England funds and Atachbarian as lead plaintiffs and approve one of New England's

---

[1] *See* In re Carnival Corp. Sec. Litig., 1:20-cv-22202-KMM, Motion of Abraham Atachbarian for Appointment as Lead Plaintiff and Approval of Lead Counsel of an Options Class or Subclass, ECF No. 39 (the "Atachbarian Motion"). The Options Class or Subclass is defined as all persons other than Defendants [] who sold put contracts and/or purchased call option contracts for the common shares of Carnival Corporation (NYSE: CLL)("Carnival" or "CCL") during the period of September 26, 2019 to April 30, 2020. ECF No. 39-1 at 5.

[2] With lead plaintiff briefing now complete in Atachbarian Action lead plaintiff selection process, Atachbarian believes that it would be appropriate for the Court to consolidate his action with the Consolidated Action, and then appoint him and his counsel as lead plaintiff and counsel respectively, of an Options Class or Subclass.

selected counsel and Atachbarian's counsel as lead counsel, with Atachbarian and his counsel representing an Options Class or Subclass.[3]

First, New England alleges that prior to the July 27, 2020 statutory deadline for filing a lead plaintiff motion pursuant to the notice published by plaintiffs' counsel in *Service Lamp Corporation Profit Sharing Plan v. Carnival Corporation, et al*, 1:20-cv-22202(KMM)[4], (the "Service Lamp PSLRA Notice"), "dozens of notices had been published" including "at least 16 notices that specifically noted that the action involved claims on behalf of Carnival options investors". New England Op. Br. at 1.[5] But New England, among other things, omits that the dozens of so-called "notices" were mere attorney advertisements fishing for potential clients. Those fishing press releases were not the statutorily requisite PSLRA notice that triggered the time to move for lead or set forth the scope of those who may move for lead. Significantly, the Service Lamp PSLRA Notice which controls the Service Lamp Action lead plaintiff process excluded sellers of put options on CCL common stock from the definition of the class sought to be represented. Because options sellers were *excluded* from the class in the Service Lamp Action, Atachbarian was not on notice to file a Service Lamp Action lead plaintiff motion.[6]

Second, New England incorrectly argues that the Atachbarian Motion was untimely because it was not filed by the July 27, 2020 Service Lamp Action lead plaintiff motion deadline.

---

[3] If the Court is not inclined to appoint Atachbarian as lead of an Options Class or Subclass, Atachbarian requests that the Court direct any lead plaintiff to ensure that such Options Class is represented in any consolidated amended complaint and/or, at the class certification stage. Consider Atachbarian as that class' representative.

[4] The "Service Lamp Action."

[5] New England argues that some of the initial movants did move on behalf of put sellers. *See* New England Op. Br. at 4 (citing to ECF No. 20 at 1; ECF No. 21 at 1). This was done by movants after Atachbarian filed his action and disseminated his notice, by movants that had no standing to represent put sellers. It was a misguided litigation strategy by movants who have since withdrawn their motions in an attempt to circumvent Atachbarian's lead plaintiff process and does not change the fact that neither relevant notice here addressed put sellers.

[6] New England again argues that the term "securities" encompasses put options, and that those who acquired put options somehow include those who sold them. New England Op. Br. at 7 note 5, 10. Atachbarian has already addressed that argument. *See* ECF No. 30 at 9.

2

Again, New England ignores that the Service Lamp Action and the Service Lamp PSLRA Notice excluded sellers of put options on CCL stock from the class sought to be represented. Atachbarian therefore, on July 23, 2020 filed a class action complaint that asserted claims on behalf of CCL options traders, including similarly situated sellers of CCL put options.  On that same day, Atachbarian published the statutorily required notice (the "Atachbarian PSLRA Notice") which set September 21, 2020 as the deadline for lead plaintiff motions in the Atachbarian Action. ECF No. 39-2 at 6-7.  Atachbarian thereafter timely filed the Atachbarian Motion on September 21, 2020. ECF No. 39.  The fact that Atachbarian was the only options trader (and in particular, put seller) to make a lead plaintiff motion pursuant to the Atachbarian PSLRA Notice merely suggests that no other options trader seeking lead plaintiff appointment had losses greater that the $91,737 alleged in Atachbarian's July 23, 2020 complaint.  Notably, no put seller submitted a lead plaintiff motion in the Service Lamp Action because claims of put sellers were not asserted in the Service Lamp Action per the Service Lamp PSLRA Notice.

Third, New England repeatedly refers to Atachbarian's claim seeking to represent options traders as a "niche" to "manufacture a role for himself and his counsel." *See* e.g., New England Op. Br. at 6.  However, there is nothing nefarious or improper in Atachbarian's filing a claim and seeking to represent an unrepresented class of options traders.  Nor is appointing Atachbarian as Lead Plaintiff of an Options Class or Subclass contrary to the PSLRA.  *See* ECF No 33 at 4 (collecting cases in which options classes were separately represented).

Fourth, New England argues the PSLRA was intended to empower a single lead plaintiff to manage the litigation as a whole, but in its own motion seeks appointment of two purchasers of CCL common stock as co-lead plaintiffs and three different law firms to represent this attorney driven coalition of funds. New England then argues that to appoint Atachbarian as Lead

3

Plaintiff of an Options Class or Subclass would be fundamentally incompatible with the PSLRA. *Id.* at 7. Not so. Three co-Lead Plaintiffs is not unwieldy, particularly where the interests of purchasers of CCL stock may conflict with the interests of options traders, where, as here, Carnival is financially strained, already liquidating a significant number of its ships, and will continue to operate at a loss the foreseeable future.  Alternatively, if the Court objects to appointing three co-leads, or appointing Atachbarian as lead of an Options Class or Subclass, then under New England's reasoning it would make more sense for the Court to appoint only one of the two funds and one of the fund's counsel as co-lead with Atachbarian and his counsel, as otherwise the options traders will have no representation.

In sum, the Atachbarian Motion is anything but an improper end-run around the around the PSLRA's lead plaintiff provision. Atachbarian filed a class action complaint on behalf of an unrepresented class of options traders; has the largest financial loss of any options trader seeking appointment as lead counsel; retained counsel experienced in securities litigation; and given his extensive expertise trading options of cruise line and airline stocks will be an outstanding Lead Plaintiff of an Options Class or Subclass.

## ARGUMENT[7]

1.  **Appointment of Atachbarian as Lead Plaintiff of the Options Class or Subclass is Appropriate Under The PSLRA**

New England argues that Atachbarian's seeking to defer consolidation until the lead plaintiff briefing was completed in the Atachbarian Action was improper.  Not so.  *See Boilermakers Nat'l Annuity Trust Fund v. Wamu Mortg. Pass*, No. C09-0037 MJP, 2009 U.S.

---

[7] Atachbarian refers the Court to the procedural history set forth in Atachbarian Memorandum. ECF No. 39-1 at 6-9.

Dist. LEXIS 123089, at \*6 (W.D. Wa. Dec. 18, 2009) (deferring consolidation until after deadline for lead in second case filed).  As stated previously, Atachbarian merely sought "to have the Court defer any determination regarding consolidation until the completion of briefing of the lead plaintiff process in the Atachbarian Action, and thereafter to have the Court appoint a proper representative of the Options Class in the consolidated action as a co-lead plaintiff.  See Abraham Atachbarian Opposition to Consolidation, ECF No. 30 at 3.

New England argues that the Consolidated Action and the Atachbarian Action are the same and therefore consolidation should have occurred first, presumably thereby supporting their argument that Atachbarian should have moved for lead during the Service Lamp lead process. But New England's argument fails to consider that put sellers were undeniably excluded from the class in both actions then on file: *Service Lamp*, brought only on behalf of purchasers and acquirors of CCL securities, and *Elmsdorp*, brought solely on behalf of common and ADR purchasers.  This necessitated Atachbarian's filing of his action and precluded consolidation at that time.[8]  For this reason alone, cases like *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006), cited by New England, in which individual investors sought representation alongside institutional investors, are not relevant.  *See* New England Op. Br. at 10.

New England's citation to *In re Valeant Pharms. Int'l, Inc. Secs. Litig.*, 15-cv-7658 (MAS)(LHG), 2018 U.S. Dist. LEXIS 191439, at \*18-19 (D.N.J. Nov. 7, 2018) ("*Valeant*") is misplaced for several reasons.  In *Valeant*, options trader Timber Hill sought a separate options class two years after the Valeant court had appointed TIAA lead plaintiff; Timber Hill did not timely file a lead plaintiff motion but regardless, TIAA would have been still been appointed

---

[8] New England argues that its loss dwarfs that of Atachbarian. New England Op. Br. at 8-9, and fn7.  But unlike the options traders in *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011), Atachbarian does not seek to be sole lead here.  The Court further noted that the options claims could be protected in other ways—for which there has been no commitment here.

5

lead plaintiff because TIAA suffered losses in Valeant stock *and* options; and TIAA was financially incented and committed to pursue claims of Valeant options traders. *Valeant*, at *21-22. Here, Atachbarian timely filed a lead plaintiff motion, New England has no CCL options trading losses, has not come forward with any plan for itself to represent CCL options traders.

In *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litigation*, No. 09 MDL 2058 (DC), 2010 U.S. Dist. LEXIS 37799 at *2-3 (S.D.N.Y. Apr. 9, 2010) there was no issue raised as to competing interests among the equity and options classes like that raised in this action. Even in denying appointment of a separate lead plaintiff of an options class, the court did not rule that a separate lead plaintiff for an options class was improper but determined to wait to see whether the lead plaintiff would assert claims on behalf of options traders. *See Bank of Am.*, at *7.[9]

**2.      Atachbarian Has Largest Financial Interest in the Options Class or Subclass**

Atachbarian has the largest financial loss of any trader of CCL options during the class period and is the most adequate Plaintiff to serve as Lead Plaintiff of an Options Class or Subclass. Moreover, he is the only seller of put options to move for lead and submit papers. New England concedes that it has no financial loss in CCL options.

Atachbarian does not dispute that New England has the largest financial loss in CCL common stock or that at least one of the two New England pension funds constituting the group is the presumptive lead plaintiff of the class of purchasers of CCL common stock.

**3.      Atachbarian Did Not End-Run the PSLRA Selection Process**

Neither the Service Lamp PSLRA Notice announcing the filing of the initial complaint in the Service Lamp Action nor the Elmensdorp PSLRA Notice disseminated by a later filed action

---

[9] In *In re CenturyLink Sales Practices & Sec. Litig.*, No. 17-2795(MJD/KMM), 2018 U.S. Dist. LEXIS 66926 (D.Minn. Apr. 20, 2018) the court found a PSLRA notice to investors "who purchased CenturyLink securities" included investors that purchased CenturyLink notes. By contrast, the Service Lamp PSLRA notice was directed to purchasers or acquirors of Carnival securities and Atachbarian was a *seller* of put options.

6

*Elmensdorp v. Carnival Corp.*, No. 1:20-cv-22319, which extended the Class Period, was directed to Atachbarian as a seller of CCL put options. [10]  By definition, a seller of securities is not an acquiror or purchaser of securities.  Even if *arguendo* one assumes the term "securities" encompasses options, a seller of options contracts is not a purchaser or acquiror of securities.

New England incorrectly argues that a series of attorney advertisements published by various law firms seeking to attract clients for this Action constituted notices for purposes of the Service Lamp lead counsel appointment process.[11]  The attorney advertisements are not PSLRA notices and do not have any legal import.

The advertisements in Bower Decl. Exhibit A falsely referred to by New England as "notices" were directed to either "purchasers of securities of Carnival" or persons or entities who "purchased or otherwise acquired" Carnival securities-not sellers like Atachbarian.  The releases do no more to inform Atachbarian or other CCL put sellers of the need to file a lead plaintiff motion than did the inadequate Service Lamp PLSRA Notice or the subsequent Elmensdorp PSLRA Notice. New England does not and cannot explain how "sellers" are included as "purchasers" or "acquirors" of securities.

As such, the Service Lamp PSLRA Notice addressed solely purchasers and acquirors and thus, did not provide sellers like Atachbarian the notice required to bind them to the Service Lamp lead counsel briefing schedule.  The complaint filed by Atachbarian asserted claims on behalf of CCL put sellers.  The Atachbarian PSLRA Notice addressed to sellers of CCL puts

---

[10] *See* ECF No. 30, at 5-7 as well as in his Memorandum of Law in in Support of His Motion For Appointment As Lead Plaintiff and Approval of Lead Counsel of An Options Class or Subclass (ECF No. 39-1 at 3).

[11] *See* New England Op. Br. at 1, 4, and fn 2 citing Declaration of Zachary S. Bower in Support of the New England Carpenters Pension and Guaranteed Annuity Funds' and the Massachusetts Laborers' Pension and Annuity Funds' Memorandum of Law in Opposition to Abraham Atachbarian's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel of an Options Class or Subclass (the "Bower Decl."), Exhibits A & B.

alerted them of their right to move for lead plaintiff in the Atachbarian Action.  The 16 attorney advertisements misleadingly referred to as "notices" (*See* Bower Decl. Exhibit B) which New England claims specifically identify investors in CCL stock and options, are all disseminated by one law firm.  Except for the date, each of the 16 appear to be identical and contain a statement that purportedly "reminds investors in Carnival [] of the July 27, 2020" deadline to move for lead plaintiff but does nothing to further define which investors may move, much less that sellers of put options should move in an action brought on behalf of acquirors of securities.  The sole reference to options is contained in a gratuitous statement designed to solicit clients, "If you invested in Carnival stock or options between January 28, 2020 and May 1, 2020 and would like to discuss your legal rights, click here:www.faruqilaw.com/CCL.  There is no cost or obligation to you." Notably the reference to options does not inform "investors" in Carnival options of their right to move to become a lead plaintiff.  These advertisements fishing for clients did not comply with the PSRLA and did nothing to inform options sellers to move.

New England argues that even if Service Lamp excluded sellers of put options, that would not support the creation of an options subclass.  New England Op. Br. at fn 8. New England again cites *Valeant* for support but the Valeant lead plaintiff, TIAA, suffered options trading losses and committed to pursuing claims on behalf of options traders. *Valeant* at *12 ("TIAA's losses of $90 million, including $1 million in losses from options investments") and at *15 (TIAA will "prosecute all claims on behalf of options traders'").  The *Valeant* court found no need for two lead plaintiffs to represent options traders.  The opposite is true here. New England did not transact in CCL options during the class period, has no CCL options losses, and has not committed to represent CCL put sellers or to take any steps to protect them during the course of this action.

8

New England cites *Hedick v. Kraft Heinz Co.*, No. 19-cv-1339, 2019 U.S. Dist. LEXIS 174315, at \*5 (N.D. Ill. Oct. 8, 2019) for the proposition conflict of interests between classes raised by damage theories were too speculative to warrant a separate options class. *Hedick* was not decided in the midst of a Covid-19 pandemic that was devastating the financial health and prospects of the company at issue thereby limiting its assets for recovery, as here.[12]  Atachbarian alleges that Covid-19 is crushing Carnival's financial condition *now*.  Carnival is liquidating ships to raise cash, its ability to raise equity capital has been substantially diminished, and it regularly reports a substantial cash burn relative to its cash on hand raising the issue of conflict between the classes.  The court should not defer separate representation of a CCL Options Class or Subclass until the time it is too late to be meaningful.[13]

**4.        The Atachbarian Motion Is Timely and Should Be Granted**

New England's argument that the Atachbarian Motion is untimely is based entirely on its contention that the Service Lamp PSLRA that excluded Atachbarian's sales of puts from the alleged class required Atachbarian to file a lead plaintiff motion in the Service Lamp Action.

New England cites *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, Civil Action No. 4:17-CV-00449, 2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) for the proposition that Atachbarian was bound to the lead plaintiff motion deadline in the Service Lamp PSRLA Notice.  But the *Oklahoma* decision, initially cited by Atachbarian, *see* ECF No. 33 at 6-7, acknowledges that "if a new or an amended complaint is filed, it is possible that a new notice and

---

[12] The same is true for the cases in the New England Opp. Br. at fn 9.

[13] Atachbarian has already distinguished many of the cases upon which New England relies for its argument that no separate representation is needed here.  *See* ECF No. 39-1 at 17-18 and note 15, ECF No. 33 at 4-6.  *In re Boeing Co. Aircraft Secs. Litig.*, 19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019), which was not yet discussed, noted that options traders who are defined out of a class may bring their own class action—precisely what Atachbarian did.  Moreover, the issue of whether put sellers were included in the class definitions was not raised.

an additional sixty days is necessary," where potential leads are left out of the initial notice procedure. *Oklahoma* at *13.

As set forth above, Atachbarian properly filed a complaint on behalf a previously *unrepresented* class of put sellers on July 23, 2020. Atachbarian appropriately filed a new PSLRA notice alerting put sellers of the right to move for lead plaintiff with a September 21, 2020 deadline. Atachbarian then timely filed his lead plaintiff motion on September 21, 2020.[14]

In sum, the Atachbarian Motion was timely under the PSLRA and should be granted.

## CONCLUSION

For the foregoing reasons, Atachbarian respectfully requests that the Court issue an Order: (1) appointing Movant Atachbarian as Lead Plaintiff for the Options Class or subclass; (2) approving his selection of Stull, Stull & Brody as Lead Counsel for the Options Class or subclass, and (3) consolidating the Atachbarian Action with the Consolidated Action.

Dated: October 13, 2020

Respectfully submitted,

By: /s/ Joshua H. Eggnatz

Joshua H. Eggnatz, Esq.
JEggnatz@JusticeEarned.com
EGGNATZ PASCUCCI, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913

*Local Counsel for Movant Abraham Atachbarian*

---

[14] The cases cited at New England Op. Br. at 12-13 are similarly inapposite. The 60-day hard and fast filing deadline New England quotes from in *Miller v. Dyadic Int'l., Inc.*, Case No. 07-80948-CIV0-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. April 18, 2008), refers to the time period in which a movant's financial loss for PSLRA purposes is determined, and it not relevant here. As Atachbarian argued previously, both *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484 (S.D. Fla. 2003), and *Lax v. First Merchs. Acceptance Corp.*, Case No. 94 C 2716, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 15, 1997), concern whether new notice was required for the filing of an amended complaint, which is not the circumstance here. *See* ECF No.33 at 7.

Howard T. Longman (Pro Hac Vice)
hlongman@ssbny.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

***Counsel for Movant Abraham Atachbarian and Proposed Lead Counsel for the Options Class or Subclass***

Lynda J. Grant (Pro Hac Vice)
lgrant@grantfirm.com
THEGRANTLAWFIRM, PLLC
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (212) 292-4441
Fax: (212) 292-4442

***Counsel for Movant Abraham Atachbarian and the Proposed Options Class or Subclass***

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2020 a true and correct copy of the foregoing was served via the Court's CM/ECF filing system on counsel of record in this action.

By: /s/ Joshua H. Eggnatz

Joshua H. Eggnatz, Esq.
JEggnatz@JusticeEarned.com
EGGNATZ PASCUCCI, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913

*Local Counsel for Movant Abraham Atachbarian*

12