**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| IN RE CARNIVAL CORP. SECURITIES LITIGATION | Master File No. 1:20-cv-22202-KMM<br><br>CLASS ACTION |

**JOINT MOTION TO STAY COMPLIANCE WITH CERTAIN PRETRIAL PROCEDURES AND OBLIGATIONS**

Pursuant to Fed. R. Civ. P. 6(b), the Parties jointly submit this motion to respectfully request that the Court enter an Order staying compliance with certain pretrial procedures and obligations.

The Parties agree that such an order is appropriate in light of the provisions of the Private Securities Litigation Reform Act of 1995, P.L.104-67, 109 Stat.737 et seq. ("Reform Act"), which applies to this case. Similar orders have been entered in Reform Act cases in this Court and elsewhere. *See e.g., Lam v. Iradimed Corp. et al.,* 15-cv-2337-KMM (S.D. Fla.), ECF Nos. 12-13; *Luczak v. National Beverage Corp. et al.*, 18-cv-61631-KMM (S.D. Fla.), ECF Nos. 8, 11.

**MEMORANDUM OF LAW**

1.      On May 27, 2020, the initial complaint in this consolidated putative class action was filed against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.[1]  Because this case is brought under those provisions of the federal securities law, it is subject to the mandatory and automatic stay of discovery and other proceedings imposed by the Reform Act. *See* 15 U.S.C. §78u-4.

---

[1] On October 30, 2020, the Court issued an Order consolidating three related securities class actions under the caption *In re Carnival Corp. Securities Litigation*, No. 20-cv-22202-KMM (S.D. Fla.).

2.      On May 28, 2020, this Court entered an order requiring the parties to hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first (the "May 28, 2020 Order"). [ECF No. 4]. The May 28, 2020 Order also required that counsel file a joint scheduling report within ten (10) days of the scheduling conference. *Id*.

3.      Shortly thereafter, on July 6, 2020, this Court entered an order consolidating cases, stating that within thirty (30) days of a lead plaintiff's appointment by the court, the lead plaintiff shall file an amended or consolidated complaint, or designate one of the initial complaints as the operative complaint; affirming the May 28, 2020 Order, with the deadlines to be calculated based on the lead plaintiff's filing or designation of the operative complaint; and requiring the parties to hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant or within sixty (60) days after the filing or designation of the operative complaint (the "July 6, 2020 Order"). [ECF No. 10].

4.      On October 30, 2020, this Court entered its Omnibus Order consolidating three related securities class actions under the caption *In re Carnival Corp. Securities Litigation*, No. 20-cv-22202-KMM (S.D. Fla.) and appointing a Lead Plaintiff.

5.      On December 15, 2020, Lead Plaintiff filed the Consolidated Class Action Complaint.[2] [ECF No. 51].

6.      On January 18, 2020, Defendants filed a Motion to Dismiss the Amended Complaint/Consolidated Class Action Complaint (the "Motion to Dismiss") [ECF No. 61].

7.      The parties seek relief from the provisions of Fed. R. Civ. P. 16 and 26(a) and (f)

---

[2] Lead Plaintiff filed the Corrected Consolidated Class Action Complaint on December 17, 2020. [ECF No. 52].

and Local Rule 16.1B, as well as this Court's Orders dated May 28, 2020 [ECF No. 4] and July 6, 2020 [ECF No. 10], as they pertain to pretrial procedures and obligations such as the exchange of initial disclosures, the preparation and submission of a case management report, and participation in a scheduling conference. The parties respectfully suggest this relief is appropriate in a putative securities class action because, among other things, the Reform Act imposes a stay of discovery and other proceedings in such cases until motions to dismiss have been decided. *See* 15 U.S.C. § 78u-4(b)(3)(B).

8.      This Motion is brought in good faith, is not sought for any dilatory purpose and neither the parties nor the administration of justice will be prejudiced by the Court's granting of this Motion.

WHEREFORE, the parties respectfully request that this Court enter an Order providing that because this case arises under the Reform Act, all of the pretrial procedures and obligations set forth under Fed. R. Civ. P. 16 and 26(a) and (f), Local Rule 16.1B, this Court's Orders dated May 28, 2020 [ECF No. 4] and July 6, 2020 [ECF No. 10], and all other discovery and disclosure obligations, are stayed until this Court rules on the Motion to Dismiss filed by Defendants.

A proposed order is attached hereto as Exhibit A.


Dated: February 10, 2021
       Miami, Florida


                              Respectfully submitted,

                              NELSON MULLINS BROAD AND
                                 CASSEL

                                  */s/ Mark F. Raymond*
                              Mark F. Raymond
                              Florida Bar No. 373397
                              Erin K. Kolmansberger

Florida Bar No. 94104
2 South Biscayne Blvd. 21st Floor
Miami, FL 33131
Tel: (305) 373-9425
Fax: (305) 995-6384
E-mail:  mark.raymond@nelsonmullins.com
         erin.kolmansberger@nelsonmullins.com

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Theodore V. Wells Jr.
(*pro hac vice*)
Richard A. Rosen
(*pro hac vice*)
Daniel S. Sinnreich
(*pro hac vice*)
1285 Avenue of the Americas
New York, New York  10019
Tel:  (212) 373-3000
Fax:  (212) 757-3990
Email:  twells@paulweiss.com
      rrosen@paulweiss.com
      dsinnreich@paulweiss.com

***Counsel for Defendants***


   */s/ James A. Harrod*
James A. Harrod
(*pro hac vice*)
Kate W. Aufses
(*pro hac vice*)
Benjamin W. Horowitz
(*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 554-1400
Fax: (212) 554-1444
jim.harrod@blbglaw.com
kate.aufses@blbglaw.com
will.horowitz@blbglaw.com

*Counsel for Lead Plaintiffs and
Lead Counsel for the Class*

4

**KESSLER TOPAZ MELTZER
  & CHECK LLP**
Jennifer L. Joost
(*pro hac vice*)
One Sansome Street, Suite 1850
San Francisco, California 94104
Tel.: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

Jamie M. McCall
(*pro hac vice*)
Richard A. Russo, Jr.
(*pro hac vice*)
280 King of Prussia Road
Radnor, Pennsylvania 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
jmccall@ktmc.com
rrusso@ktmc.com

*Counsel for Lead Plaintiffs and Named Plaintiff
and Lead Counsel for the Class*

**CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.**
Zachary S. Bower
Florida Bar No. 17506
Security Building
117 NE 1st Avenue
Miami, Florida 33132-2125
zbower@carellabyrne.com
Tel.: (973) 994-1700
Fax: (973) 994-1744

*Liaison Counsel for Lead Plaintiffs and
Liaison Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2021, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system. Service of this filing will be made on all ECF-

5

registered counsel/parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mark F. Raymond*
Mark F. Raymond
