**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| IN RE CARNIVAL CORP.<br>SECURITIES LITIGATION | Case No. 1:20-cv-22202-KMM<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS** |

Defendants Carnival Corp., Carnival plc, and Arnold Donald (collectively, "Defendants"), by and through undersigned counsel, hereby provide the attached supplemental authority in support of their Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law (ECF No. 61) ("Defendants' Motion"), and their Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Complaint (ECF No. 67) ("Defendants' Reply").

On April 12, 2021, Judge Scola issued an order granting defendants' motion to dismiss the amended complaint and closing the case in *Douglas* v. *Norwegian Cruise Lines*, No. 20-cv-21107-RNS (S.D. Fla.) (attached as **Exhibit A**).

Judge Scola found that a cruise ship operator's statements affirming its commitments to the health and safety of its passengers and crew, and regulatory compliance, were non-actionable puffery. *See* Ex. A at 6–10 (citing, *inter alia*, *Carvelli* v. *Ocwen Fin. Corp.*, 934 F.3d 1307, 1320 (11th Cir. 2019), and *In re Royal Caribbean Cruises Ltd. Sec. Litig.*, 2013 WL 3295951, at *12 (S.D. Fla. Apr. 19, 2013)).  This finding supports arguments made in Defendants' Motion at pages 19–20 and 25–26, and Defendants' Reply at pages 6–9.

Judge Scola also found that defendants' statements about the risks posed by the coronavirus on cruise ships in February and March 2020 were arguably "not even deceptive, insofar as they aligned with [contemporaneous] pronouncements" of the U.S. government.  *See* Ex. A at 7–8 (citing contemporaneous news reports).  This finding supports arguments made in Defendants' Motion at pages 10–13, 17, 25, and 27–28, and Defendants' Reply at pages 1–4, and 14.

Finally, Judge Scola found that plaintiff failed to plead a strong inference of scienter because he failed to identify any evidence connecting the individual defendants to the alleged fraud, or imputing other employees' knowledge of the supposed fraud to senior executives.  *See* Ex. A at 13–15 (citing, *inter alia*, *Mizzaro* v. *Home Depot, Inc.*, 544 F.3d 1230, 1247–1248 (11th Cir. 2008)).  This finding supports arguments made in Defendants' Motion at pages 30–34, and Defendants' Reply at pages 15–18.

Dated:  April 12, 2021

Respectfully submitted,

NELSON MULLINS BROAD AND CASSEL

By:    */s/ Mark F. Raymond*
Mark F. Raymond, Esq.
Florida Bar No. 373397
Erin Kolmansberger, Esq.
Florida Bar No. 94104
2 S. Biscayne Blvd.
One Biscayne Tower, 21st Fl.
Miami, Florida 33131
Tel.:  305.373.9425
Fax:  305.995.6384
Email:  mark.raymond@nelsonmullins.com
          erin.kolmansberger@nelsonmullins.com

2

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Theodore V. Wells, Jr.
(*admitted pro hac vice*)
Richard A. Rosen
(*admitted pro hac vice*)
Daniel S. Sinnreich
(*admitted pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Tel.:  212.373.3000
Fax:  212.757.3990
Email:  twells@paulweiss.com
          rrosen@paulweiss.com
          dsinnreich@paulweiss.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 12, 2021, a copy of the foregoing **Defendants' Notice of Supplemental Authority in Support of Their Motion to Dismiss** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

By: */s/ Mark F. Raymond*
Mark F. Raymond, Esq.
Florida Bar No. 373397
Erin K. Kolmansberger, Esq.
Florida Bar No. 94104
2 S. Biscayne Blvd.
One Biscayne Tower, 21st Fl.
Miami, FL 33131
Tel:  305.373.9425
Fax: 305.995.6384
Email:  mark.raymond@nelsonmullins.com
        erin.kolmansberger@nelsonmullins.com

*Attorney for Defendants*

4